WEISENECKER v. KEPLER, STINE & SMITH, interpleaders.

An appeal lies from the judgment of a justice of the peace, on an is-
sue found between the plaintiff, in attachment, and an interplead-
er, before the final determination of the cause between the plaintiff
and defendant.

Appeal from the Circuit Court of St. Louis county.

*Bowlin for Appellant.*

An appeal from a justice can only be entertained upon a
final judgment in the cause.  See article 8, sec. 1, and fol-
lowing, regulating Justices; Revised Code, 369.  Upon an
appeal granted from a justice, *all* the papers in the cause
must be sent up, before the circuit court is possessed of the
cause.  See R. Code, page 370, sections 7 & 8.

*King and Tunstall for Appellees.*

The circuit court in this case committed no error in over-
ruling said motion to arrest said judgment.

1st. Because the Statute of Missouri, (see Missouri Di-
gest, page 369, 1st section,) provides that any person ag-
grieved by any judgment rendered by a justice of the peace,
may make an appeal, &c.

2d. Because the issue tried, and upon which Weisenecker

the appellee, took his appeal, which from the law he clearly had a right to do, was simply whose property was attached?

3d. The Statute of Missouri, in giving this remedy upon interpleader, intended to avoid circuity of action, by allowing a man when his property is attached, instead of bringing a separate action for the same, to come in and file his plea of interpleader, which places him in the attitude of plaintiff, and if he can show the property to be his, it is released from the attachment.

### Opinion of the Court by Tompkins, Judge.

From the record of this case it is difficult, perhaps impossible, to make out any plain history thereof: but the following seems to be agreed on by the counsel of each party : Weisenecker instituted a suit against Kepler by attachment, and took possession, under the authority of the writ of attachment, of certain property. Stine & Smith interpleaded, claiming the property attached. Issue was joined, and the cause submitted to a jury upon evidence; the jury found for the interpleaders Stine & Smith. The justice of the peace before whom the cause was pending, gave judgment accordingly, and Weisenecker appealed to the circuit court. There the jury found the property attached to be the property of Kepler, the defendant in the action instituted by Weisenecker: that is to say, they found against the claim of Stine & Smith, the interpleaders. Kepler, the defendant in the action, does not appear to have been found by the officer.

Stine & Smith, interpleaders, then moved in arrest of judgment, assigning for reason,

1st. Because there is no cause of action shown by the papers in the cause.

2d. Because the justice granted the appeal upon a collateral branch of the case.

The record of this case as sent up from the circuit court, begins thus :

5*

MAY TERM, 1841.

Weisenecker v. Kepler.

Peter Weisenecker, *vs.* William Kepler.

Assumpsit on account of $32 62 Attachment returned, Oct. 10th, 1838. Executed by attaching the property, &c., and defendant not found, and on this 20th day of October, 1838, the plaintiff is ordered to cause notice to be set up according to law, notifying the defendant to appear and plead to the action at the next law day of the justice, &c., and now on this thirtieth day of October, 1838, Nicholas Stine & Nicholas Smith come before the justice and asked leave to interplead, saying the property is theirs, &c. Then follows the plea and process to bring in a jury to try the right of property, their verdict, &c. But there is found in the record no account of the commencement of the action by Weisenecker. This is wrong. It ought to have appeared on the transcript sent up by the justice to the circuit court, that a suit was regularly commenced by Weisenecker against Kepler, and that it was by attachment; for this purpose a copy of the summons, attachment, and whatever proceedings were there had might have been transcribed, to show that the interpleaders, Stine & Smith, were before the justice, conformably to the provisions of the statute. The objection of the counsel of Stine & Smith, the interpleaders, that the appeal was granted upon a collateral branch of the case, and before any final judgment in the principal cause, seems to be without foundation. For the judgment was final as to the claim of the interpleaders, and divested them of the contested property, and therefore it was but just that the interpleaders should have their appeal instantly. But because the appellant did not, by the transcript by him brought up from the justices' court, show a case of a suit regularly commenced by Weisenecker against Kepler, in which the appellants, Stine & Smith, were interpleaders, the judgment of the circuit court ought, in my opinion, to be reversed, and it is accordingly reversed.

*An appeal lies from the judgment of a justice of the peace, on an issue found between the plaintiff, in attachment, and an interpleader, before the final determination of the cause between plt'ff and defend't.*