RICHARDSON, Respondent, *vs.* JONES, Appellant.

1. A., the maker of a note payable to B., was summoned as garnishee in an attachment suit against B., before a justice of the peace. C. filed an interplea, claiming the debt evidenced by the note, by endorsement from B., before the date of the garnishment. Judgment went against him on the interplea, from which he took no appeal. Afterwards, he withdraws the note and brings suit on it against the maker. *Held,* the judgment on the interplea is a bar to the action.

*Appeal from St. Louis Law Commissioner's Court.*

*C. C. Carroll,* for appellant.

*H. N. Dedman,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

The record of this suit presents the following facts :

On the 2d day of May, 1850, Jonathan Jones executed his note, payable one day after date, to J. W. Richardson, for $245 75. On the 19th of June, 1851, Abijah W. Corey sued J. W. Richardson by attachment, before Justice Kretschmar. Jonathan Jones was summoned as garnishee on the 19th of June, 1851, to answer as to his indebtedness to J. W. Richardson. The note of Jones to Richardson was assigned to his sister, R. Jane Richardson, the plaintiff in this suit, about the first of July, 1850.

In the progress of the suit of Corey against J. W. Richardson, R. Jane Richardson appeared before the justice, by her next friend, Wm. S. McKnight, and filed her interplea, claiming the debt from Jones, the garnishee, and exhibited the note assigned to her. The garnishee answered, that he had executed his note to J. W. Richardson for the sum of $245 75 ;

that various payments had been made, reducing the amount due on it to about $90 ; that he had understood, that Richardson had assigned the note to his sister, shortly after it became due ; that he did not know that there was any consideration for the assignment ; he had understood that Richardson had assigned it to his sister, to enable her to pay her board and other expenses.

On the trial of this interplea, the justice heard both parties, the claimant and the plaintiff, and rendered judgment for the plaintiff against the claimant, by which, the garnishee was adjudged to pay money on the note to the plaintiff Corey.

Neither party appealed from the judgment. It remained in full force, and the garnishee, under it, paid the money, or, at least, is bound to pay it.

The claimant in the interplea then withdrew the note, and commenced the action against Jones. He answered, denying that he owed the plaintiff anything ; stating that the matter had been adjudicated between them, before Justice Kretschmar, and he had been adjudged to pay the balance on the note to Corey ; and exhibited the transcript of the record and proceedings in the aforesaid attachment suit.

The law commissioner, upon the facts in this case, declared that the assignment of the note purports a valuable consideration, and that the judgment rendered by Justice Kretschmar against the defendant, as garnishee, in favor of Corey, is no bar to this present action, unless the defendant, Jones, prove that the assignment of the note, from Richardson to his sister, was without consideration. The law commissioner found for the plaintiff, and the defendant moved for a new trial ; this motion being overruled, he excepted, and brings the case here by appeal.

The law commissioner erred in declaring the law of this case. The judgment of the justice, by which the defendant was, upon the interplea of the plaintiff in this suit, condemned to pay the amount due on the note to the plaintiff in the attachment suit, remaining in full force, without any appeal being taken by the

claimant below, is a bar to the action wherein she seeks again to have that matter tried.

She appeared in the attachment suit and claimed the debt from Jones as due to her, as the assignee of the note. This claim upon the interplea was tried before a court of competent authority and jurisdiction, and its judgment in law remaining unreversed, no effort being made to have a new trial on it, and no appeal being taken, is final and conclusive against this present plaintiff. Her remedy was to have appealed from the judgment of the justice on the interplea, against her ; and failing to avail herself of that, she cannot sue on the note again.

The justice may have erred ; his judgment on appeal might have been reversed ; but the judgment, as it now stands, is good in law to bar the present action. We cannot tell what reasons the justice below may have had for his judgment ; he may have been satisfied that this transfer of the note from Richardson to his sister, was fraudulent as to his creditors.

The other Judges concurring, the judgment below is reversed.