## RICHARDSON, Appellant, v. WATSON, Respondent.

1. Where A. in suit before a justice of the peace, attached certain goods as the property of B., the defendant, and C. interpleaded and claimed the property attached as his own, and the property attached is, under the issue thus raised, adjudged by the justice to be the property of B.; *held*, that this judgment is a bar to a suit by C. for the possession of the goods, against the constable in possession of the goods under the writ of attachment.

*Appeal from St. Louis Court of Common Pleas.*

The opinion of the court contains a sufficiently full statement of the facts.

*C. D. Drake*, for appellant. I. A judgment is no bar to another action unless the same matter were in issue in both cases. The issue in this case and that in the case before the justice, are not the same. There, the question raised was, whether the paper was the property of Richardson. Here, his property is admitted, and the question is, whether the respondent unlawfully detained it. Therefore the judgment of the justice is no defence to this action. (1 Phillips' Ev. part 2, ch. 2, sec. 1, p. 321 ; 1 Stark. Ev. 221 ; Buller's Nisi Prius, 233 *a* ; Smith v. Sherwood, 4 Conn. 276 ; Cleaton v. Chambliss, 6 Randolph, 86 ; Ryer v. Atwater, 5 Day, 431.)

II. The transcript of the justice does not sustain the allegation of the answer that the justice " considered and adjudged the said paper to be the property of James Graham and not the property of Charles Richardson." No such judgment was rendered by the justice. He adjudged the paper to be the property of Graham, but did not adjudge that it was not the property of Richardson. The paper might have been the property of both—a general property in one and a special property in the other ; therefore his finding that it was Graham's was not a finding that it was not Richardson's. (Bennett v. Holmes, 1 Dev. & Bat. 486.)

III. Supposing the previous positions untenable, the defendant can not set up the justice's judgment as a bar to this action, because he was no party to it. (1 Greenl. Ev. § 523 ; Allen v. Hall, 1 A. K. Marshall, 526; Glossop v. Pole, 3 Maule & Selwyn, 175.)

IV. Nor was he privy to it, unless the court is prepared to lay down the rule that every officer executing an attachment is a privy to the action, and concluded by the judgment rendered in it. (1 Greenl. Ev. § 189, 523.)

V. A judgment can not be used as evidence against a party where the opposite judgment would not have been evidence for him ; in other words, the benefit to be derived from it must be mutual. Tested by this principle, the respondent could not give the justice's judgment in evidence as a bar to this action, for he was in no sense bound by it. If the justice had adjudged the paper to be Richardson's, and the respondent had, notwithstanding, sold it, and Richardson had then sued him for its value, would the judgment have been conclusive against the respondent as to Richardson's property, so as to dispense with other evidence of that fact ? Or would such judgment preclude the respondent from proving that the property was Graham's or another's ? Certainly not, for the constable would not be considered, in any sense, a party or privy to the judgment. How, then, when the judgment was the other way, does he become entitled to plead it as conclusive against Richardson ?

Richardson v. Watson.

(Bell v. Hoagland, 15 Mo. 360 ; Latkow v. Eamer, 2 H. Black. 437 ; Burton v. Hazzard, 4 Harrington, 100 ; 1 Starkie on Ev. 220 ; 1 Greenl. Ev. § 524.)

*Dedman*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was a suit for a quantity of wrapping paper, brought by plaintiff against Watson, the plaintiff claiming to be the owner of the paper. The defendant answered, setting up a special property in himself as constable of St. Louis township, in virtue of a levy made under a writ of attachment issued by a justice of the peace, in favor of one Carl, against James Graham ; and also a former judgment rendered by the justice who issued the attachment, on a claim of property made before him by Richardson, the plaintiff, in which judgment the justice " considered and adjudged the said paper to be the property of said James Graham, and not the property of Charles Richardson, the present plaintiff, and that the said property was subject to the attachment of said Carl."

The facts were agreed to, and are as follows : " The defendant, on the 9th of December, 1854, was a constable of St. Louis county, and as such attached the property in dispute under an attachment in favor of James M. Carl v. James Graham. The plaintiff (Richardson) went before Edward E. Allen, the justice of the peace who issued the attachment under which the defendant seized the property, and claimed the property to be his ; and on a trial of his claim, the justice rendered a judgment that the property was the property of James Graham, the attachment defendant. It is agreed that the transcript from the docket of the justice, filed with the defendant's answer, shall be considered as in evidence in this cause, without being set out herein in full. It is further agreed, that no appeal was taken from the judgment rendered by the justice on the claim of said Richardson.

" It is further agreed, that, at the time said property was attached, and thence up to the time the suit was brought, it was

the property of the plaintiff (Richardson) and not of James Graham; and that during the interval between the attachment of it and the institution of this suit, said Richardson acquired no other or further title to it than that which he had when it was attached. It is further agreed, that the defendant had no other title to the property than that which he had as constable as aforesaid, acting under the aforesaid attachment.

" On this statement of facts, the defendant claims that the judgment of the justice, on the claim of property, made before him by the plaintiff, Richardson, is a bar to this action, and so he sets it up, and it is agreed to submit this question to the court for its judgment.

" If the court should be of opinion that said judgment of the justice is a bar to this action, and can be set up as such by the defendant, then the judgment shall be entered for the defendant and a return of the property to him.

" If, on the other hand, the court should be of the opinion that said judgment is not a bar to this action, judgment shall be entered for the plaintiff, with one cent damages and costs."

The court below rendered judgment for the defendant, and the plaintiff brings the case here by appeal.

From the facts agreed to it is admitted that Richardson now has no other or further title to the property than he had when he filed his claim thereto by interplea. The question before us is whether the matter in controversy between these parties has been heretofore adjudicated upon by a court of competent authority, and whether such judgment binds the plaintiff in this action.

We have no hesitation in saying that the judgment below was for the proper party on the agreed statement of facts. The subject matter in dispute is as between them " *res adjudicata.*" The plaintiff, to get clear of that judgment, ought to have taken his appeal. It was competent for the court before which his interplea was pending to decide on the ownership of the attached property, and having decided, the plaintiff is bound by such decision; and if he rests under it without appealing, such judg-

ment will and ought to bar any future action by plaintiff against the constable for the property; and when sued by claimant, it is competent for the constable to use such judgment in his defence. (Richardson v. Jones, 16 Mo. 177.)

Indeed, the argument of the counsel for the appellant was under the pressure of this view of the subject; for he mainly depended upon a critical construction of the defendant's answer, and an admission in the agreed statement of facts—that the property was the property of Richardson now—that is, when the statement was made. We do not assent to his views on either the answer or the agreed statement of facts. It was not the design of the defendant to admit away his rights, nor do we think he has done so; the facts clearly, without doubt, show that Richardson, the plaintiff, has acquired no further or other title to the paper than that which he had at the trial of the interplea; and judgment is conclusive against him, that at that time the property was the property of Graham.

Upon the whole record, then, it is clear to us that the judgment below was given for the right party; and no error appearing calling for its reversal, it must be affirmed; the other judges concurring.