# THE SUPREME COURT

OF

# THE STATE OF MISSOURI,

SPECIAL JUNE TERM, 1865, AT ST. LOUIS.

35 513
37a 686
35 513
54a 216
35 513
63a 243
35 513
143 69
74a 212
35 513
o171 1 75

———◦●●◦———

LADD, PATRICK & Co., Appellants, v. JOHN E. D. COUZINS, Respondent.

1. *Practice—Amendment.*—After an appeal prayed for and allowed, the court has no authority to allow a pleading to be filed *nunc pro tunc.*

2. *Practice—Attachment.*—Where, in a suit by attachment, an interpleader is filed claiming money or property in the hands of a garnishee, the issue upon the interpleader must be tried and determined before the trial of the issue between the plaintiff and the garnishee.

*Appeal from St. Louis Circuit Court.*

*Partridge & Currier,* for appellants.

I. The judgment of the court below does not follow the pleadings, and is therefore irregular. The only issue made in the pleadings was between the plaintiffs and the interpleader, in respect to which the court renders no judgment. There was no issue on the pleadings between the plaintiffs and the garnishee, but the court rendered judgment in favor of the garnishee, whereas the judgment should have been for

the plaintiffs, for want of a replication to their denial and allegation. (R. C. 1855, p. 258, § 69 et seq.; Rules of Circuit Court, Rule 21.)

II. The court erred in admitting the declarations of Walton. He was not a party to the record and was a competent witness. His statements out of court were mere hearsay. They are not admissible as a part of the *res gestæ*, since they were distant both in time and place from the transaction imputed to him, to wit, the fraud in the wood contract. They were independent of each other, separate and distinct, as much so as they would have been had ten years intervened. (1 Greenl. Ev. 122, §§ 110, 111.)

*J. O. Broadhead,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a case of garnishment on *mesne* process. Judgment was duly obtained against the principal debtors, in the court below, and the respondent was summoned to appear to answer such interrogatories as might be exhibited against him by the plaintiffs, (appellants here,) touching his indebtedness to the defendants in the original cause.

Interrogatories were duly filed against the respondent, who answered, denying any indebtedness whatever to the principal debtors, or that he had in his possession or under his control any property, money, or effects, belonging to them, or in which they had any interest.

The appellants traversed the respondent's answer, and alleged that he had, at the time he was summoned as garnishee in this cause, in his possession, custody and control, two thousand dollars in money belonging to Walton (one of the principal debtors), and in which he had then an interest; and that he also owed the said Walton the further sum of two thousand dollars.

To these allegations respondent made no reply till after judgment was rendered and an appeal taken to this court. The court then permitted him to file his reply *nunc pro tunc.*

Subsequent to the filing of the interrogatories and the answer on the garnishment, the United States, by their attorney, interpleaded for the fund alleged to be in the hands of the respondent as garnishee, claiming the same to be the property of the United States, and denying that said Walton had any interest therein. This claim and interpleader the appellants denied.

Whilst the issue between the appellants and interpleader was still pending, the court admitted in evidence the declarations of Walton, made a considerable length of time after he had acquired the money, as to the mode in which he obtained it. The trial was before the court, both parties waiving a jury. The only testimony having any material bearing on the question was the declarations of Walton, to the admitting of which the appellants duly excepted.

At the conclusion of the trial the court gave several instructions at the instance of the respondent, chiefly predicated on said declarations, and then rendered judgment in his behalf without disposing of the issue made up between the appellants and the interpleader. Exceptions at the time were taken to the ruling of the court in giving said instructions, and also a motion filed for a new trial; which being overruled, the appellants again excepted, and now bring the case here by appeal.

Several instructions were offered by the appellants and refused, but, from the view we have taken of the case, we do not deem it necessary to notice them now.

It is contended that the court erred in permitting respondent to file his reply to appellants' denial after judgment.

Our Practice Act is very liberal, in furtherance of justice, in allowing amendments to be made, and the pleadings to be conformed to the proof. (2 R. C. 1855, p. 1254.) But here, however, the pleading was filed, not only after judgment rendered, but after an appeal was prayed for and allowed. The court, then, had no further jurisdiction over the case, and had no right to order the reply to be filed *nunc pro tunc.* The agreement made between the parties, giving further

time to file a bill of exceptions, does not, in our opinion, alter the case. Such gross and palpable negligence in parties or their attorneys, in failing to file their pleadings at the proper and appropriate time, is highly reprehensible and should not be encouraged.

The proceedings of the court were irregular, in giving judgment without determining the issue raised on the record, in respect to the claim and interpleader of the United States. That should have been settled before proceeding to adjudicate the matters in dispute between the other parties. When a claimant interpleads, an issue is made up and must be tried without unnecessary delay, as an original cause between plaintiff and defendant. The law contemplates in every such case a final judgment. (R. C. 1855, p. 255, § 55; Weisenecker v. Kelper, 7 Mo. 52; Richardson v. Jones, 16 Mo. 177; Richardson v. Watson, 23 Mo. 34.)

The declarations of Walton on the trial were wrongly admitted; he was not a party to the record on the then pending issue, and was a competent witness. If his testimony was desired, he should have been called. On no sound legal principles can his declarations amount to anything more than mere hearsay; they were not admissible as part of the *res gestæ*, because they were distant, both in point of time and place, from the transactions which they purported to detail.

Where declarations offered in evidence are merely narrative of a past occurrence, they cannot be received as proof of the existence of such occurrence. They must be concomitant with the principal act, and so connected with it as to be regarded as the mere result and consequence of the co-existing motives. To become a part of the *res gestæ*, entitling them to be admitted in evidence, they must have been made at the time of the act done, which they are supposed to characterize, and have been calculated to unfold the nature and quality of the facts they were intended to explain, so as to harmonize with them and obviously constitute one transaction. (Enos v. Tuttle, 3 Conn. 250; Hadley v. Carter, 8 N. H. 40.)

It has been insisted in argument that respondent, being an officer of a municipal corporation, was not subject to the process of garnishment, the money being considered as in *custodia legis*. We cannot notice this defence here; he has not set it up in his answer. Witnesses have testified to the fact of his being such officer; but if he wishes to avail himself of it in his defence, it must be alleged in his pleadings.

The judgment will be reversed and the cause remanded. Judge Lovelace concurs.