IN RE AUSTIN DRAKE'S ESTATE.

October 28, 1879.

1. Where the appellant fails to file a transcript of the record within the time prescribed by the statute, and the respondent files a transcript and moves for an affirmance of the judgment, the motion will be sustained.

2. There is no repugnancy between the constitutional provision that cases coming into the St. Louis Court of Appeals by appeal or writ of error shall be triable in fifteen days from the filing of the transcript, and the provision of the statute that if appellant fail to file his transcript fifteen days before the term to which appeal is taken, the respondent may produce a transcript and will be entitled to an affirmance.

APPEAL from St. Louis Circuit Court.
*Affirmed.*
HENRY M. POST, for appellant.
LUCIEN EATON, *contra.*

LEWIS, P. J., delivered the opinion of the court.

The appeal in this cause was allowed July 3, 1879. No transcript of the record was filed with the clerk of this court until September 29, following, which was less than fifteen days before the present term. The respondent here produces in court a perfect transcript of the record, and asks that the judgment of the Circuit Court be affirmed, as provided in Wagner's Statutes, p. 1069, sect. 49. The appellant files a brief in opposition to the respondent's application, and undertakes to show cause on the following grounds:

1. Appellant was "not aware that this court construed the Constitution and laws of the State as compelling the filing of the transcript in this court fifteen days before the beginning of the term, and that he was honestly of the belief that the transcript might be filed at any time before the commencement of the term.

2. By sect. 20, art. 6, of the Constitution, a rule is established which precludes the application of Wagner's Statutes, p. 1069, sect. 49, to proceedings of this court.

The cases in which this court has in its proceedings

made a practical application of the statute referred to are so numerous that the appellant's ignorance of them may be esteemed his fault rather than his misfortune. It furnishes no excuse whatever for his failure to file the transcript within the time prescribed by the statute.

The statute provides that if the appellant fail to file his transcript at least fifteen days before the term to which the appeal is taken, the respondent, upon producing in court a perfect transcript showing that an appeal has been allowed, will be entitled to an affirmance of the judgment. The constitutional provision upon which the appellant here relies declares that all cases coming into this court by appeal or writ of error shall be triable at the expiration of fifteen days from the filing of the transcript in the office of the clerk. If there is a repugnancy between these two regulations, the constitutional one must of course prevail, and the statute will be disregarded. But wherein lies the repugnancy? We are unable to perceive it. The statute is intended for the protection of parties who obtain judgments in the lower courts. The appeal usually operates as a *supersedeas.* The appellant, by failing or refusing to take up his transcript, might deprive the respondent, for years, of the fruits of his success. The respondent cannot compel the appellant to file his transcript. The constitutional provision for a trial at the expiration of fifteen days after the filing, would afford no relief, because the appellant may, in in fact, never file the transcript at all. The two provisions, statutory and constitutional, so far from being inconsistent, are in perfect harmony, working to the common end of a speedy final adjudication. The statute enforces promptness in the filing of the transcript. The Constitution simply expedites the hearing when the transcript has been filed. Under this provision, a case may first appear on the docket in the middle of a term, and may then be disposed of in the same term, instead of going over, as heretofore in the Supreme Court, to the next term following. But this

, does not in the least interfere with a provision which makes it the duty of an appellant to file his transcript, in every case, within the time prescribed. It abolishes, in effect, the statutory regulation whereby causes docketed in the appellate court less than·thirty days before the beginning of a term would go·over to the second term. But it does no more than this, and touches no other statute. The terms of court, with their statutory incidents in other particulars, are not ignored by the Constitution. On the contrary, they are expressly recognized in sect. 14, art. 6, 'which declares that " there shall be two terms of the St. Louis Court of Appeals to be held each year, on the first Monday of March and October." As the law clearly requires, the respondent's motion for an affirmance of the judgment will be sustained.

All the judges concur.