BURGESS, *Plaintiff in Error*, v. O'DONOGHUE *et al.*

| | |
|---|---|
| 90 | 299 |
| 54a | 216 |
| 90 | 299 |
| 143 | 69 |
| 90 | 299 |
| 78a | 381 |
| 90 | 299 |
| 84a | 55 |
| 90 | 299 |
| e171 | 75 |
| 95a | 514 |

**Appeal from Circuit to Supreme Court, Effect of:** JURISDIC-
TION. An appeal to the Supreme Court from a judgment of the circuit court invests the Supreme Court with, and deprives the circuit court of, all jurisdiction over the cause, and this is so although no appeal bond was given and there was no supersedeas of the judgment, and pending the appeal the circuit court can make no order vacating the judgment and setting aside a sale thereunder.

*Error to Cape Girardeau Circuit Court.*— HON. J. D. FOSTER, Judge.

REVERSED AND REMANDED.

*S. M. Green* and *R. B. Oliver* for plaintiff in error.

(1) The circuit court had absolutely no jurisdiction of the judgment. The record shows that the cause, at the time of these proceedings in the circuit court, was pending in the Supreme Court, without bond or super-

sedeas. *Brill v. Meek*, 20 Mo. 358 ; *Ladd v. Cousins*, 35 Mo. 513 ; *Stewart v. Stringer*, 41 Mo. 400 ; *DeKalb Co. v. Hixon*, 44 Mo. 341 ; *Jones v. Insurance Co.*, 55 Mo. 342. (2) Since the circuit court could not set aside or render null and void the judgment or decree, for want of jurisdiction, it follows that, in the absence of appeal bond or supersedeas, it had no power to quash the execution and set aside the sale. R. S., sec. 3713 ; *Gott v. Powell*, 41 Mo. 416. (3) The Supreme Court alone had jurisdiction to reverse the judgment or decree ; and, in such case, it would award restitution as a part of the reversal ; that alone could set aside the sale. R. S., sec. 3779 ; *Railroad v. Atkinson*, 17 Mo. App. 484, 496 ; Freeman on Judgments, sec. 328. (4) The pretended judgment of the court below was not responsive to the motion, having no jurisdiction ; and, in all respects, it was an absolute nullity. MacNamara on Nullities, secs. 3, 4, and 138, and authorities *supra*. (5) The judgment on this motion being an absolute nullity, which plaintiff in error may insist on, therefore, the sheriff then acting should perfect his deed to the purchaser, according to law. R. S., sec. 2398.

*W. H. Whitelaw* for defendants in error.

NORTON, J. — This case is here by writ of error from the judgment of the circuit court of Cape Girardeau county, sustaining a motion to set aside a sheriff's sale, quashing the execution under which the sale was made, and vacating and annulling the judgment on which the execution issued.

It appears from the record that at the August term, 1880, of the Cape Girardeau circuit court a judgment was rendered in a suit, wherein William Burgess was plaintiff and Ruth O'Donoghue *et al.* were defendants, in favor of plaintiff, for $291.40, which was declared to be a charge and lien upon certain real estate therein

described, and a special execution ordered, authorizing the sale of the whole of it, or so much as might be necessary to pay the debt; that, on the twenty-seventh of November, 1880, the defendants filed affidavit praying for an appeal to this court, which was allowed; it does not appear that any bond was given. On this appeal the judgment of the circuit court was affirmed by this court at its October term, 1881. It further appears that, on the eighth day of March, 1881, special execution was issued and placed in the hands of the sheriff; that on the third of May, 1881, a motion to quash this execution was overruled by the circuit court, and on the fourth day of May, 1881, the sheriff executed the writ by selling a portion of the property upon which the judgment was declared to be a charge. On the same day the sale was made, defendants filed their motion to set aside the sale mainly on the ground that the judgment or decree under which the sale took place was null and void. The court, on hearing the motion, rendered the following judgment:

"Now come the parties in the above entitled cause, by their attorney, and the court now being sufficiently advised of and concerning the motion herein to quash the execution and set aside the sheriff's sale, said motion is by the court sustained. It is, therefore, considered and adjudged by the court that said execution be quashed, the sheriff's sale set aside, and that the judgment herein be set aside and for naught held; and that the plaintiff be allowed to amend his petition herein; and it is further ordered and adjudged that defendants recover of plaintiff their costs in this behalf expended, and thereof have execution."

It is from this extraordinary and remarkable judgment that plaintiff prosecutes this writ of error. The effect of the appeal prayed for and allowed by the circuit court, on the twenty-seventh day of November, 1880, was to invest this court with, and deprive the circuit

court of, all jurisdiction over the cause. ·*Ladd v. Cousins*, 35 Mo. 513 ; *DeKalb Co. v. Hixon*, 44 Mo. 341. The appeal having been taken without bond being given, while it invested this court with jurisdiction of the cause, did not operate as a supersedeas of the judgment, nor prevent its enforcement by execution, as was attempted in this case. But, notwithstanding these well settled principles, and notwithstanding the appeal from the judgment was pending in this court, which judgment was subsequently in all things affirmed, they were wholly ignored by the circuit court, which assumed by its judgment rendered on the motion to set aside the sale, to declare, and did declare, the judgment on which the execution issued, and under which the sale was made, null and void, and the execution and sale made by its authority also void.

The judgment will be reversed and cause remanded, to be disposed of in conformity with this opinion. All concur.