214    54 MISSOURI APPEAL REPORTS,

The State ex rel. State Savings, B. & L. Ass'n v. Davis.

THE STATE OF MISSOURI *ex rel.* THE STATE SAVINGS, BUILDING & LOAN ASSOCIATION Number 1, Respondent, v. CHARLES H. R. DAVIS, Appellant.

### St. Louis Court of Appeals, May 2, 1893.

Practice, Appellate : HEARING OF APPEAL TO THIS COURT. This court may in its discretion hear and determine an appeal at any time after the expiration of fifteen days from the filing of the transcript in the office of its clerk. *Held,* accordingly, that this court has the power to set a cause for hearing at the term during which the appeal therein was taken.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

MOTION OVERRULED.

*Chester H. Krum,* for appellant.

*W. M. Kinsey* and *Frank E. Richey,* for respondent.

ROMBAUER, P. J.—On the fourth day of March, 1893, the circuit court for the city of St. Louis awarded a writ of peremptory *mandamus* against the defendant, commanding him to deliver to the relator certain records and other property belonging to the relator, which he unlawfully detained. From this judgment the defendant, on March twenty-third, appealed to this court, giving a *supersedeas* bond on such appeal. A transcript of the record was filed in the office of the clerk of this court on April 15, 1893. On the eighteenth day of that month, the relator entered his appearance in this court and moved that the cause be set for hearing under the provisions of section 20,

article 6, of the constitution. As a ground for such motion, relator stated that the defendant was the former secretary of the corporation, had been ousted as such by a final judgment of the circuit court, and declined to turn the records and property of the corporation over to its successor, thereby rendering the corporation powerless to fulfill its duties. The relator further stated that, although there was a final judgment of ouster against the defendant, he prosecutes the appeal from the peremptory writ of *mandamus* for the apparent object of vexation and delay. We thereupon ordered the cause to be docketed at this term, and ordered the appellant to file his brief on or before the first day of May, 1893. The appellant now files his motion to vacate this order, claiming that it was improvidently made, and is contrary to the statute regulating appeals.

Section 20 of article 6 of the constitution provides that all cases coming to this court by appeal or writ of error shall be triable at the expiration of fifteen days from the filing of the transcript in the office of the clerk of this court. This provision is too plain to be misunderstood. It invests this court with power to hear any cause coming to it by appeal or writ of error after the expiration of fifteen days from the filing of the transcript in the clerk's office of this court. Whether this court will *exercise* such power in any given case, may depend on the nature of the action, the necessity for a speedy determination of the cause and the business of the court. That is to say, whether the cause shall be tried out of its statutory order rests in the judicial discretion of the court, which like all judicial discretion must not be oppressively exercised.

There is no conflict between this constitutional provision and the statutory provision on the subject of appeals, as was shown in the opinion of this court by

LEWIS, J. (*In re Drake's Estate*, 7 Mo. App. 512). And as GAMBLE, J., aptly remarks in *Hamilton v. St. Louis County Court*, 15 Mo. 20: "If there be in the constitution any language of doubtful import, we must, of course, look to the circumstances and condition of the people, and to the history of the instrument itself to find the meaning of the clause in question; but, where the language is plain and intelligible, and consistent with all other parts *of the instrument*, we cannot allow ourselves to find, in any reference to facts, *out of the instrument* any authority for interpolating either a grant of power *or a restriction upon power granted.*"

Under the settled rule in this state touching appellate procedure, an appeal taken from the circuit court, when perfected, at once deprives the circuit court of all jurisdiction over the cause, and vests it in the appellate court. *Ladd v. Couzins*, 35 Mo. 513; *Burgess v. O'Donoghue*, 90 Mo. 299.

The motion to vacate the order is overruled. As some time was necessarily consumed in the determination of this motion, the appellant's time for filing brief is extended to May 9, 1893, and the respondent's time to five days thereafter. All the judges concur.