ELLEN BURDETT et al., Appellants, v. VICTORIA V. DALE, Admr., Respondent.

95    509
s95   511

**St. Louis Court of Appeals, June 24, 1902.**

**Practice, Appellate.** A judgment will be affirmed on motion of respondent where appellant, having appealed in the circuit court, failed to file in the appellate court at the return term a proper transcript or certificate for review. The fact that appellant has sued out a writ of error and claims to have abandoned the appeal before the motion to affirm was filed, is not a "good cause" for having failed to file the proper papers, to perfect the appeal, in due season.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby*, Judge.

AFFIRMED.

*J. H. Whitecotton* for appellant.

*W. T. Ragland* for respondent.

BARCLAY, J.—Respondent filed a motion to affirm the judgment in this cause for failure to prosecute the appeal. The motion was sustained, January 7, 1902. Appellant has filed a motion to set aside that ruling. The facts antedating the affirmance by this

court are stated fully in our opinion in Burdett v. Dale, 95 Mo. App. (St. L.) 511 (69 S. W. 480), rendered at this term upon motion to dispose of a writ of error directed at the same judgment affected by the motion to affirm.

The substance of the issue now presented is that plaintiffs appealed from a judgment entered by the circuit court of Monroe county, Missouri, and gave bond staying execution thereon in February, 1900, but plaintiffs did nothing further toward prosecuting the appeal. In the following August they sued out a writ of error to review the same judgment, without having previously dismissed their appeal or otherwise having it disposed of. Several terms of this court intervened and then defendant made the motion to affirm, which we are to review now.

Defendant presented to the court the certificate described in section 812 (R. S. 1899), made by the clerk of the circuit court wherein the appeal was granted, and moved for an affirmance because the proper transcript or certificate in lieu thereof (R. S. 1899, sec. 813) was not filed in the appellate court at the return term of the appeal or since that time, by appellants.

The law is imperative in declaring that in such a state of facts the judgment should be affirmed "unless good cause to the contrary be shown" (R. S. 1899, sec. 812). We do not consider that the improvident suing out of a writ of error, pending the appeal, constitutes any good cause for the failure to prosecute the appeal. Ellis v. Wyatt, 10 Mo. App. (St. L.) 580; Johnson v. Riggs, 67 Mo. App. (K. C.) 491.

The writ of error did not enlarge the time to perfect the appeal which had been taken. It was requisite for the plaintiffs, as appellants, to file in time their proper papers in the appellate court, according to the

mandate of the statute above cited.  Not having done so, they became subject to the penalty prescribed.

There was no error in the judgment of affirmance. The motion to set it aside is overruled.  *Bland, P. J.,* and *Goode, J.,* concur.