ELLEN BURDETT et al., Plaintiffs in Error, v. VICTORIA V. DALE, Defendant in Error.

### St. Louis Court of Appeals, June 24, 1902.

1. **Appeal: WRIT OF ERROR: PRACTICE, TRIAL: PRACTICE, APPELLATE.** Plaintiffs appealed from a circuit court judgment and, without filing the necessary papers in the appellate court, afterwards sued out a writ of error from the latter, upon the judgment appealed from: *Held,* that the writ of error was improvidently issued pending the appeal, and should be dismissed.

2. ————: ————. An appeal is not to be considered abandoned (so as to warrant a writ of error immediately) because appellant fails to file the required transcript or record in the appellate court in due time.

3. **Jurisdiction of Cause.** An appeal has the effect to transfer to the appellate court the jurisdiction of the cause, as distinguished from the jurisdiction over the record therein.

4. ————: **FILING BRIEF, EFFECT OF: WAIVER.** The filing of a brief on the merits upon writ of error, does not waive a motion to dismiss on the ground that the writ was issued while an appeal was pending in the same cause.

5. **Writ of Error: NOTICE: STATUTORY CONSTRUCTION.** Failure to give due notice of writ of error as required by section 852, Revised Statutes 1899, is ground for dismissal of the writ.

Writ of Error to Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

MOTION TO SET ASIDE DISMISSAL OF WRIT OF ERROR OVERRULED.

*J. H. Whitecotton* for appellant.

*W. T. Ragland* for respondent.

BARCLAY, J.—This proceeding began in the probate court of Monroe county. It is founded on a motion under the administration law for partial distribution of the estate of J. R. Dale, deceased. The moving parties are legatees under his will. They are named as plaintiffs. Defendant is the widow of deceased and his administratrix with the will annexed. The petition or motion of plaintiff is based on representations that each plaintiff as legatee is entitled to one seventh of one-half of the net personal estate of the deceased, and that by the annual settlement of defendant as administratrix a balance of $1,346.78 appears; that no debts are unpaid, in consequence of which a distribution is prayed on the giving of refunding bonds as required by law (R. S. 1899, secs. 239, 240).

Defendant by an answer to the motion admitted the balance in her hands, but disputed the right of plaintiffs to the amounts specified by them. She sets up a special claim for $650 of the personal estate as property of hers which came to her husband by virtue of his marriage with her, wherefore she claimed that sum on distribution of his estate, and she also asserted a claim to one-half of the remainder of the personal estate by reason of her election under section 4518 (R. S. 1889, now sec. 2939, R. S. 1899).

On a hearing in the probate court it was adjudged (June 16, 1898) that Mrs. Dale receive the amount of her claim of $650, in addition to the share due her as widow. It is not necessary to quote fully the judgment or order on that point. It was substantially in favor of defendant as to her claim above recited.

Plaintiffs appealed to the circuit court, where a trial anew was had. The result was a finding (December 23, 1898) in substance the same as in the probate court. But the form of the court's conclusion was as follows, as appears from the abstract in this court prepared by the learned counsel for plaintiffs in error (omitting the caption and signature thereto):

Burdett v. Dale.

"At this day comes the parties herein by their respective attorneys, and this cause coming on to be heard, is submitted to the court, and the court having considered the same and after hearing the evidence produced by each side, the argument of counsel in behalf of each party, doth find as follows, to-wit: 'The court finds the facts to be that at the time of the marriage of deceased to Victoria V. Dale, the said Victoria V. Dale was the owner in her own right of the sum of six hundred and fifty dollars in money, and that said marriage occurred prior to the year 1875, and that said sum of money came to said husband in right of said marriage.' "

An appeal was duly taken by plaintiffs from the foregoing order. When the cause reached the St. Louis Court of Appeals, the appeal was dismissed by the court (January 16, 1900) presumably because of the incompleteness of the last order in the trial court.

February 1, 1900, the circuit court, on motion of plaintiff by counsel, entered a judgment as of December 23, 1898 (on full findings which it is unnecessary to repeat), by which it was adjudged and decreed that defendant was entitled to $650, on account of her claim aforesaid, and also to one-half of the net residue of the estate; and that the remaining half be distributed to plaintiffs severally on their giving refunding bonds as required by law.

We are not quoting the final order literally. It was substantially a preliminary order of distribution in ordinary form, after determining in her favor the issue as to Mrs. Dale's special claim.

After a moton for new trial, without success, plaintiffs took an appeal (February 2, 1900) to this court, and filed their appeal bond, February 10, 1900, in vacation, pursuant to leave granted in term to do so.

That appeal was never disposed of until January

7, 1902, when this court, on defendant's motion (after due notice) affirmed the judgment for want of prosecution of the appeal.

Meanwhile, plaintiffs sued out a writ of error, August 8, 1900, but that writ was dismissed on motion of defendant, January 7, 1902, on the ground that it was irregular and could not be maintained while the appeal pending the same judgment was in force.

Plaintiffs have moved to set aside that order, and have filed a brief in support of the motion. As the conclusion we reach will finally dispose of the case, it seems appropriate to state our reasons therefor (R. S. 1899, sec. 871).

1. The appeal which plaintiffs took from the judgment of February 1, 1900 (entered as of December 23, 1898), and which they followed up by giving a supersedeas bond, a few days later in vacation, after the term of the judgment closed, had the effect to transfer the jurisdiction of the cause (as distinguished from jurisdiction over the mere record thereof) to the appellate court. DeKalb Co. v. Hixon, 44 Mo. 341; Burgess v. O'Donoghue, 90 Mo. 299.

2. While the appeal was pending and undisposed of, a writ of error could not properly be sued out to review the identical judgment whose enforcement was suspended by the appeal with a bond for stay of execution, as in this case. State v. Thompson, 30 Mo. App. (K. C.) 503.

It is claimed by plaintiffs that their action implied an abandonment of the appeal and left them free to sue out and maintain a writ of error. The procedure ordained by our appellate practice does not fix a date at which an appeal, not duly prosecuted, shall be regarded as abandoned. The remedy of affirmance given to the appellee (R. S. 1899, sec. 812) is not limited in such a manner as to permit an inference that an appeal has been abandoned because the transcript of

record required for a review is not filed within seven months, as in this case. If appellants desire to sue out a writ of error in such circumstances they should first be off with the appeal, as indicated by the comments of the court in State ex rel. Silverstein, 77 Mo. App. (K. C.) 304.

In Brill v. Meek, 20 Mo. 358, it was held that after an appeal had been granted and plaintiff had lost the benefit thereof, he could not indulge in a second appeal, but was "driven to his writ of error." The facts in respect of which the court was then writing were, that the first appeal had been dismissed for want of prosecution, and the trial court thereupon had improvidently allowed a second appeal. The latter was likewise dismissed.

In Chinn v. Davis, 21 Mo. App. (K. C.) 363, defendant in error claimed that the writ would not lie because a prior appeal had been dismissed for want of observance of the practice rules. The court, however, disapproved that contention.

Neither of those decisions affords any support to the idea that a writ of error may be sued out while an appeal in the same cause is pending.

Defendant insists on the point that the writ of error was improperly issued pending the appeal, and we are bound to give that objection its due weight.

3. Defendant as respondent further advances the objection that no notice of the writ of error was given twenty days before its return day, as prescribed by the statute on that subject (R. S. 1899, sec. 852). No notice was given, or at least there is no evidence before the court of any notice of the writ or of any waiver which might dispense therewith. That objection is fatal to the maintenance of the writ. Davenport v. Hannibal, 110 Mo. 574; Williams v. Beck, 63 Mo. App. (St. L.) 149; Allen v. Allen, 64 Mo. App. (St. L.) 417.

4. Defendant in error, by her counsel, submitted an argument on the merits in the same brief wherein appeared (as the first point) the objection to the writ of error first above discussed. We hold that defendant in error by so doing did not waive the right to insist that the writ was improvidently sued out and that it should be quashed. Kenner v. Lead Co., 141 Mo. 248.

The motion to set aside the dismissal of the writ of error is overruled. *Bland, P. J.,* and *Goode, J.,* concur.