KEHLER & CASHMAN, Respondents, v. T. A.
WALLS, Appellant.

Kansas City Court of Appeals, April 2, and May 7, 1906.

On Motion To Affirm.

APPELLATE PRACTICE: Appeal: Jurisdiction: Writ of Error.
When an appeal is allowed in the trial court the appellate court
becomes invested with jurisdiction of the cause and the trial
court is divested of such jurisdiction; and pending such appeal
a writ of error does not lie and the appeal may be dismissed for
want of prosecution.

Appeal from Daviess Circuit Court.—*Hon. Joshua W.
Alexander,* Judge.

APPEAL DISMISSED.

*Rollin J. Britton* and *Nat. G. Cruzen* for respondents.

(1) "A judgment will be affirmed on motion of respondent where appellant having appealed in the circuit court, failed to file in the appellate court at the return term a proper transcript or certificate for review. The fact that appellant has sued out a writ of error and claims to have abandoned the appeal before the motion to affirm was filed, is not a 'good cause' for having failed to file the proper papers, to perfect the appeal in due season." Burdett v. Dale, 95 Mo. App. 509, 511; Ellis v. Wyatt, 10 Mo. App. 580; Johnson v. Riggs, 67 Mo. App. 491.

*Boyd Dudley, William E. Smith* and *Edward C. Wright* for appellant.

(1)   The appeal in this case was never perfected. No transcript was filed in the appellate court — this

court never acquired jurisdiction of the cause or the record. At the return term in this court when no transcript was filed by the appellant or the respondent the attempted appeal became *functus officio* and so far as appellant was concerned there was nothing he could do. If appellant had thereafter filed his transcript it would have been stricken from the docket. State v. Rhodes, 86 Mo. 635; Cissell v. Cissell, 77 Mo. 371. (2) There is nothing now before this court upon which the court can act in the affirmance of the judgment below. A writ of error is a new action. Macklin v. Allenberg, 100 Mo. 337. (3) The respondent filed no transcript and has not yet filed one because the filing in this new cause of an alleged transcript is not a compliance with the rules. This court cannot in a suit, begun by writ of error, affirm a judgment on motion but can only dismiss the writ of error. Schnelle v. Devanney, 61 Mo. App. 453. But the law does not leave the appellant remediless. Brill v. Meek, 20 Mo. 358; Chinn v. Davis, 21 Mo. App. 363. (4) After an affirmance of the judgment for failure to perfect an appeal no writ of error lies. Schneider v. Levvie, 41 Mo. App. 584. Conversely a writ of error lies at any time before affirmance of the judgment. U. S. v. Haden, 5 Port. (Ala.) 533. The cause is properly before the court. When an appeal has been attempted to be taken but the record is not filed at the next term and the appellant obtained a writ of error under which the record was filed the cause is well brought. Covington v. Neilson, 14 Tenn. 475; Roebuck v. Duprey, 2 Ala. 352; Perryman v. Camp, 24 Ala. 438; Turner v. Tapscote, 29 Ark. 319; Bernheimer v. Baldwin, 42 Cal. 27; Merrell v. Hench, 52 Miss. 774; Osborn v. Logus, 28 Or. 302, 38 Pac. 190; Tacoma Co. v. Wolff, 5 Wash. 264, 31 Pac. 763; Evans v. Bank, 134 U. S. 330.

BROADDUS, P. J.—On the 24th day of December, 1904, the cause was tried and judgment rendered for

plaintiffs in the sum of $154. On the same day, defendant filed his affidavit for an appeal and thereupon he was granted an appeal to the Kansas City Court of Appeals. The appeal bond was fixed at $400, to be filed within ten days from the adjournment of the court, to be approved by the clerk in vacation.

On the 7th day of October, 1905, he sued out his writ of error in the cause, which was made returnable to March term of this court for the year 1906. On the 2nd day of March, 1906, the respondents filed a motion for affirmance on the ground that defendant had not complied with the statute in prosecuting his appeal. And on the same day also, respondents filed their motion to quash the writ of error.

The defendant claims that there is no appeal pending in this court therefore there can be no affirmance of the judgment and the writ of error is properly pending. The law is otherwise. In Burdett v. Dale, 95 Mo. App. 511, where an appeal had been allowed and supersedeas bond given, the court held, that it had the effect to transfer the jurisdiction of the cause (as distinguished from jurisdiction over the record thereof) to the appellate court. In Burgess v. O'Donoghue, 90 Mo. 299, it is held: "An appeal to the Supreme Court from a judgment of the circuit court invests the Supreme Court with, and deprives the circuit court of all jurisdiction over the cause and this is so although no appeal bond was given and there was no supersedeas of the judgment," etc.

It is not denied that a writ of error cannot lawfully issue while an appeal is pending in the same cause. It follows, therefore, the motion to quash said writ should be sustained, and it is so ordered.

The appellant having failed to comply with the law and the rules of the court in prosecuting his appeal, the judgment is affirmed. All concur.

ON MOTION FOR REHEARING.

PER CURIAM. The opinion is modified in so far as it is an affirmance. The order should have been to dismiss. The order is therefore to dismiss the appeal.