FRANCIS OBERKOETTER ET AL., Appellants, *v.* JOHN F. LUEBBERING ET AL., Respondents.

### November 20, 1877.

1. An order dissolving an injunction and dismissing the bill is a final decree from which an appeal may be taken.
2. It is no excuse or justification for failure to prosecute an appeal taken from such an order, that a motion for the assessment of damages upon the bond was subsequently made, and damages assessed by the trial court.
3. Where an appeal is perfected, the cause is pending in the appellate court, and no further order can be made in the cause by the trial court, unless it be an order vacating the appeal, made during the term.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

WAGNER, DYER & EMMONS, for appellant.

H. N. HART and H. B. WILSON, for respondent.

BAKEWELL, J., delivered the opinion of the court.

The statute provides (Wag. Stat. 1070, sec. 49) that the appellant shall cause to be filed in the office of the appellate court "at least fifteen days before the term of

such court to which the appeal is returnable, a perfect transcript of the record and proceedings in the case; if he fail so to do, and the appellee produce in court such transcript, and it appears thereby that an appeal has been allowed in the cause, the court shall affirm the judgment, unless good cause to the contrary be shown."

In this cause the appellee produces in court the transcript, by which it appears that this was a bill in chancery, praying for an order restraining defendants from proceeding with a sale of real estate under execution. A temporary injunction was granted according to the prayer of the bill, on plaintiffs giving bond. On filing the answer, defendants moved to dissolve the injunction. On April 3, 1877, the cause was heard on the motion; and on the proof adduced, the court dissolved the injunction and dismissed the bill. A motion for a new trial was overruled; and on May 24, 1877, an appeal was allowed to this court. The appellees move that the judgment be affirmed, appellants having failed to prosecute the appeal.

Respondents show to this court that on May 28, 1877, defendants moved in the Circuit Court for an assessment of damages on the injunction bond; that an assessment of damages was had on July 14th, and damages assessed at $500; that a motion was made by plaintiffs to vacate this order, on the ground that plaintiffs had appealed to this court, and that this motion was overruled on October 30, 1877. Upon this, appellants say, as cause for not affirming the judgment of the court below, that the judgment of May 24th was not a final judgment, and that no final judgment was rendered in this cause until October 30th.

There can be no question whatever that the judgment of May 24, 1877, was a final judgment. It was an order dissolving the injunction, but dismissing the bill. It may well be that defendants should have waited for the determination of the appeal, before filing their motion for assessment of damages upon the bond, but no subsequent action of de-

fendants could change the character of judgment given, or make the dismissal of the bill any thing but a final decree in the injunction suit. That decree was not less final because defendants, after an appeal had been perfected, moved for a summary proceeding upon the bond. In case the motion for assessment of damages had been made before the order was made granting the appeal, under the decision of the Supreme Court in *Pacific Railroad Company* v. *Burger*, 32 Mo. 578, no appeal could have been taken until that motion had been disposed of; but where there is an appeal allowed and perfected, and no order vacating the appeal is made during the term, and the judgment from which the appeal is taken is final in its nature, the appeal must be prosecuted if the appellant would not be concluded by the decree of the trial court.

If the fact that the defendant may move for damages upon the injunction bond makes a decree dismissing the bill not final in its nature, then there is no appeal from such a decree ; for the defendant may never move for damages, and the decree will not be final until the time for appeal is gone. The court is not to take it for granted, when an injunction is dissolved and the bill dismissed, that there will be a motion for damages, is not bound to wait for such motion, and was, of course, perfectly authorized, and, indeed, bound, to grant an appeal from its final judgment dismissing the bill, when the appeal was properly prayed. Of course the subsequent motion for assessment of damages should have been denied, unless the court saw fit, during the term, to vacate the order granting appeal. That matter is not, however, properly before us. Two things are, however, clear : (1) that a decree dismissing a bill is a final decree from which an appeal may be taken ; and (2) that, when an appeal is perfected, the cause is pending in the appellate court, and not in the trial court ; and that, however a court may, during the term, vacate an order of appeal improvidently granted, unless this is done, it can make no other or

further order in a case which has been properly removed to another court by appeal.

We do not think that the appellee shows good cause for not prosecuting his appeal, and the motion of appellants will be granted. The judgment of the Circuit Court is affirmed. Judge HAYDEN concurs; Judge LEWIS did not sit.

BAKEWELL, J., delivered the opinion of the court.

A motion for a rehearing and an application to set aside the affirmance in this case are filed by counsel for appellant, and supported by a brief. We have considered the motion, and the reasons urged in its support; but our view of our duty in the matter remains unchanged. The appeal was taken, and, as we must hold, properly taken, from a judgment necessarily final in its nature. No steps, whatever, were taken to prosecute this appeal; and, in our view, no good ground is shown for this want of diligence. It is true that appellant now argues that his appeal was a nullity, being taken from a judgment not final. In this, we think, he is wrong. As we have said, if an order dismissing a cause be not a final order when made, it cannot become final until the term has lapsed; and then, if there be no motion to assess damages, the right of appeal is lost.

We may remark that appellant files now a second transcript in this cause, showing an appeal on November 2, 1877. So far as any light is thrown upon the matter by this transcript, it does not appear that the motion for assessment of damages was made at the term at which the judgment was entered dismissing the bill. The judgment of dismissal was on May 24th. The date of filing the motion to assess damages is not set out in this second transcript; but the motion is inserted among the proceedings had afterwards, at the June and October terms, and nowhere, so far as we can discern, amongst the proceedings at the April term. This would rather tend to show a greater want of diligence

than was apparent when the motion was sustained affirming the judgment.

The motion for a rehearing and to set aside the affirmance is overruled.   Judge HAYDEN concurs; Judge LEWIS does not sit.