STATE *ex rel.* DALE, Respondent, v. L. L. ASHBROOK *et al.*, Appellants.

St. Louis Court of Appeals, December 3, 1889.

1. **Practice, Appellate:** AFFIRMANCE FOR FAILURE TO FILE TRANSCRIPT. An appeal may be vacated during the term in the circuit court allowing it, and dismissed afterwards in the appellate court. But if not thus dismissed, and if not prosecuted by filing of transcript as required, the appellee is entitled to an affirmance of the judgment appealed from, even though the appellant claims to have paid that judgment after the allowance of the appeal.

2. ——— : ———. Such affirmance does not affect the right of the appellant to resist the enforcement of the judgment, if he has paid it.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*David Murphy*, for appellants.

*D. D. Fassett* and *T. M. Rowe*, for respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff recovered judgment in the circuit court March 18, 1889, from which the defendants appealed to this court June 1, 1889. The plaintiff now produces a transcript of the record, and moves for affirmance of the judgment, on the ground that no transcript of the record has been filed in the clerk's office of this court as required by law. The defendants resist the motion, and, for cause why the judgment should not be affirmed, file affidavits showing that, subsequent to the granting of the appeal, the plaintiff executed an acknowledgment of payment in full and satisfaction of the judgment. It appears by counter-affidavits filed that defendant did pay part of the plaintiff's damages on a compromise of the judgment, but failed to pay the costs, and that such costs still remain unpaid, and that the trial court refused to order entry of satisfaction of judgment upon these facts appearing.

This court has decided in *Oberkoetter v. Luebbering*, 4 Mo. App. 483, that, when an appeal is perfected, the appeal is pending in the appellate court, and not in the trial court. If, for any reason, the appellant does not desire to prosecute the appeal, he may move, during the term when the appeal is granted, for an order vacating it in the trial court, or he may, at any time, after perfecting his appeal, dismiss it in this court. In this case, the appellants have done neither, and, as the appeal is still pending, the respondent has a clear right, under the provisions of section 3717 of the Revised

Statutes, to have the judgment affirmed upon production of a perfect transcript of the record and proceedings in the cause. It is evident that some final disposition of the appeal must be made, and that the cause cannot be kept in abeyance for all time to come. This ruling in no way affects the defendants' right to resist the enforcement of the judgment so affirmed, provided it has been paid or settled in the *interim*, nor does it affect the question, which seems to be the sole controversy between the parties herein, as to which of them is responsible for the costs of the trial court. That question can be, and ought to be, setted by the trial court, on motion for taxation, or retaxation of costs.

All the judges concurring, the judgment is affirmed.