# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

### MARCH TERM, 1894.

E. W. Powers, Appellant, v. James Botts, Respondent.

Kansas City Court of Appeals, April 30, 1894.

1. **Agister's Lien**: CONTRACT FOR. On the facts in this case there was no contract that defendant was to have an agister's lien for keeping the cattle replevied, and all his right to such a lien must be based upon the statute.

2. ———: STATUTE: AMOUNT COVERED BY LIEN. The statute, section 6730, Revised Statutes, 1889, seems only to contemplate a lien for the amount which may be due for the keeping, that is, that has accrued for the keeping, which necessarily ends at the parting of the possession.

3. ———: BREACH OF CONTRACT: NOT LIENABLE. If there be a breach of the contract of agistment as to the length of time or in other particulars, such breach would give an action for damages as in other cases, and would not constitute the basis of a lien.

4. ———: DEMAND AND TENDER: SUBSEQUENT KEEPING. If the owner demand the stock and tender the amount due for their keeping, and on refusal allows them to remain under the contract for a longer term, the agister will be entitled to a lien for such subsequent term.

*Appeal from the DeKalb Circuit Court.*—HON. WM. S. HERNDON, Judge.

REVERSED AND REMANDED.

*S. G. Loring* for appellant.

(1) The plaintiff had the undoubted right to remove the stock from the defendant's pasture at any time he chose, upon paying the pasturage then due, being liable only for what damage the defendant might sustain, if any, by reason of his breach of alleged contract. (2) Defendant was not standing upon or asserting his agister's lien, but was standing upon and asserting his rights under the terms of said contract, and thereby waived his said lien. *Hamilton v. McLaughlin*, 145 Mass. 20; *Munson v. Porter*, 63 Iowa, 453; 13 Am. and Eng. Encyclopedia of Law, bottom p. 964, and authorities cited; *Riley v. Renick Milling Co.*, 44 Mo. App. 525. (3) It is admitted that plaintiff demanded of defendant the possession of the stock in controversy on the twenty-second day of August, 1891. The sheriff's return in this case shows that on the twenty-third day of September, 1891, he took said cattle from the defendant and delivered them to the plaintiff. After the said twenty-second of August the possession of said cattle, by the defendant, was not a friendly holding under the contract, but was a tortious one. No lien can exist under the statutes in favor of one providing feed for an animal in the absence of a contract. *Grinnell v. Clark*, 3 Hill (N. Y.), 484; 38 Am. Dec. 663; *Miller v. Morston*, 35 Maine, 153; 56 Am.

Dec. 694; *Wells v. Barrister*, 36 Ver. 220; *Fox v. McGregor*, 11 Barker (N. Y.), 41; *Hickman v. Thomas*, 16 Ala. 666. Yet said instructions, and especially the fourth, told the jury if they found for the defendant "they should assess his damages at such sum as the jury believe from the evidence that the plaintiff owed the defendant for pasturage at the time he took the cattle from defendant.

*J. F. Harwood* for respondent.

(1) The first assignment of error at page 19 of appellant's brief, is not well taken; for whatever the common law might have been, or be to-day, we have a statute controlling the question—see 6730, Revised Statutes, 1889; and under that law, before the plaintiff could take the cattle rightfully, he should have paid or offered to pay for their pasturage—according to his contract. The jury have found what the amount of that contract was—*i. e.* $150. (2) The lien given by the statute *ex vi termini* carries the right to hold the *res*, or thing until the lien is extinguished. Therefore respondent was justified in refusing to give up the cattle until paid according to contract in money. And the only dispute between the parties is the amount. The jury have passed upon that question, under the testimony, and the issues were properly submitted to the jury under the petition and answer.

ELLISON, J.—This is an action of replevin wherein plaintiff seeks to recover the possession of forty head of cattle detained by defendant. Defendant concedes plaintiff's general ownership, but claims a special property in the cattle by reason of an agister's lien for their pasturage. Defendant's theory and the tendency of his evidence was to the effect that plaintiff left the cat-

tle with him under a contract to pasture them for a period of five months, beginning on April 22, 1891, at seventy-five cents per head per month. That at·the end of two months plaintiff demanded the cattle of him and that he refused to deliver them unless plaintiff would pay for five months' pasturage.

Plaintiff's evidence tended to establish that he did not contract that the cattle should remain with defendant for five months. That he had a right to take them whenever, in his opinion, they were not doing well. That at the end of two months he demanded them and was refused by defendant unless he paid for the whole five months. That he tendered defendant payment of the pasturage for two months by offering him a check on a bank for .the amount due for that time and that defendant refused unless he would draw the check for the amount due for five months. That defendant placed his refusal of the tender wholly upon the fact that it was not enough, and that he would take nothing unless he was·paid for the whole time.

The court by an instruction declared that plaintiff had no right to the cattle unless he paid for the full five months, if the jury believed it was the contract that they were to be pastured for that length of time.

There was no contract that defendant was to have an agister's lien for keeping the cattle, and all right to a lien must be based upon the terms of the statute (section 6730, Revised Statutes, 1889), which reads as follows: "Every person who shall keep, board or train any horse, mule or other animal, shall, for the amount due therefor, have a lien on such animal, and on any vehicle, harness or equipment coming into his possession therewith, and no owner or claimant shall have the right to take any such property out of the custody of the person having such lien, except with his consent or on the payment of such debt; and such lien shall be

valid against said property in the possession of any person receiving or purchasing it with notice of such claim."

This statute seems only to contemplate a lien for the amount which may be due for the keeping. The debt due the agister is that which has accrued for the keeping. The keeping necessarily ends at the parting with the possession. There may be a breach of contract as to the length of time, or in other particulars; but such breach would give an action of damages as in other cases. It would not constitute the basis of a lien.

It appears, or at least there was evidence tending to show, that after defendant refused to deliver the cattle to plaintiff, plaintiff concluded to allow them to remain, under the contract, for another month when he brought this action. If this is a fact, then defendant's lien will, of course, cover such month. If however, on another trial, this is not established, defendant will not be entitled to a lien for the pasturage during such month, since he retained the cattle wrongfully. This is said on the assumption that a tender was made of the amount due for the two months.

The judgment will be reversed and the cause remanded. All concur.