E. W. Powers, Appellant, v. Jas. Botts, Respondent.

**Kansas City Court of Appeals, November 4, 1895.**

Agistment: LIEN: IMPLIED CONTRACT. At the end of three months' pasturage, the plaintiff tendered the amount due therefor and demanded his cattle. Defendant refused to accept the money or surrender the cattle. Plaintiff on the same day brought replevin and took out his writ but withheld service until the end of the fourth month. *Held*, there arose an implied contract to pay for the keeping to the end of the fourth month which will sustain an agister's lien.

*Appeal from the De Kalb Circuit Court.*—HON. THOS. E. TURNEY, Special Judge.

AFFIRMED.

*S. G. Loring* for appellant.

(1) At common·law, in the absence of special agreement, agister had no lien on the cattle for their keeping. *McDonald v. Bennett*, 45 Iowa Rep. 458; R. S. 1889, sec. 6731; *McWilliams v. Allen*, 45 Mo. 574; 13 Am. and Eng. Encyclopedia of Law, bottom pages 943 and 964, and the authorities cited.   (2) A tender of the amount due extinguishes the lien.   *Berry v. Tildon*, 70 Mo. 490.   Proof that a tender, if made, would have been unavailing, dispenses with the necessity of a proof of tender, even in those actions when a tender is essential to a recovery.   *Harwood v. Diemer*, 41 Mo. App. 51; *Soap Works v. Sayers*, 55 Mo. App. 25.   (3) There is no authority for deeming that the law will, under any circumstances, treat that as a contract, which, in fact, was a tort, and both reason and the adjudication exclude such an assumption.   Bishop on Contracts, sec. 186.

*Harwood & Hubbell* for respondent.

(1) An offer to write a check is not a tender. *Dunham v. Jackson*, 10 N. Y. Com. L. Rep., bottom page 1006; s. c., 6 Wend. 22.   (2) A tender in order to discharge a lien must be kept good by payment of the money due into court.   *Woolner v. Levy*, 48 Mo. App. *loc cit.* 474; Cobbey on Replevin, sec. 514; *Railroad v. Clark*, 119 Mo. 372; *Landis v. Saxton*, 89 Mo. 375; *Frank v. Pickens*, 69 Ala. 369.   (3) A tender, in order to discharge a lien must, be unconditional. Cobbey on Replevin, sec. 518; *Tompkins v. Batie*, 11

Neb. 147; s. c. 38 Am. Rep. 361; 2 Benj. on Sales [4 Am. Ed.], sec. 1074.

GILL, J.—This case is now before us on a second appeal by the same party. Its former disposition will be found reported in 58 Mo. App. 1. At the last trial before a special judge, without a jury, there was a finding and judgment for defendant, fixing his lien interest in the cattle pastured at $120, and from this judgment the plaintiff has appealed.

The testimony given at this last trial establishes—and, as we think, without any substantial conflict—the following state of facts: On May 22, 1891, plaintiff placed forty head of cattle with defendant to pasture at seventy-five cents per head each month. At the end of three months (August 22, 1891) plaintiff went to defendant's farm and demanded the cattle, offering at the same time his check for $90, which, he claimed, was the amount then due. Defendant then claimed that the contract between him and the plaintiff was that the cattle should be grazed for five months, and that if plaintiff took them away at that time he must pay for the entire season, that is, $150; and delivery of the cattle was denied, unless plaintiff should pay that amount. This the plaintiff declined to do, but expressed a willingness to give his check for $90, which he insisted was all he owed. Defendant refused the check for the sole reason that it was not sufficient in amount. Thereupon plaintiff went forthwith to the county seat and brought suit to replevin the cattle. After instituting the suit, however, plaintiff concluded to postpone the service of process and by his direction the matter was allowed to rest until the end of another month (September 23) when the sheriff, by order of the plaintiff, executed the writ by taking the cattle from the defendant and delivering them over to plain-

tiff. The plaintiff withheld the prosecution of his replevin suit for said month and permitted the cattle to remain in defendant's pasture, in the hope, he stated, that the matter could be settled without a law suit. The parties met during that month, but, all efforts at settlement failing, the sheriff, on plaintiff's direction, executed the writ as before stated.

The defendant's claim in this suit rests on the alleged right to enforce an agister's lien for keeping the cattle. When the case was here before, it was reversed and remanded, because the defendant had been permitted in the trial court to recover and enforce a lien for his alleged damages growing out of plaintiff's breach of contract in not letting the cattle remain on the pasture for the full time agreed on. It was held that this statutory lien could only be enforced for the *keeping* of the cattle, and that it necessarily ended when possession was parted with. That if there was a breach of the contract of agistment, as to the length of time the cattle were to be kept, such breach might furnish a cause of action for damages, but would not constitute a basis for an agister's lien, under the statute.

At the last trial of the cause, the controversy turned on the question as to the *extent* of defendant's claim against the cattle. Both parties now concede that the forty head of cattle were pastured by the defendant at seventy-five cents a head per month, or $30 per month for the lot. But plaintiff claimed, and yet insists, that, as he demanded his cattle at the end of the third month, and accompanied the demand with a tender of the amount then due, the defendant lost his lien. On the other hand, defendant claims the legal right to enforce a lien for the full four months the cattle were allowed to remain in the pasture. As already said, the trial court held with the defendant and gave him judgment for $120.

In our opinion, the holding of the lower court, under the particular facts and circumstances of the case, was correct. Although plaintiff demanded the cattle at the end of the third month, yet the subsequent facts show that he consented for them to remain in defendant's pasture and in his keeping for another month, during which he expected an amicable settlement could be reached. The reasons which urged plaintiff to this course of action we think not material. It is enough to charge plaintiff with an implied contract to pay for the keeping, that he voluntarily consented to the stock remaining as they had been, in defendant's pasture. It is true that at the end of the third month he demanded the cattle and on refusal filed his complaint and had a writ issued; but right then and there the plaintiff stopped its execution and withheld the operation of the process until another month expired and thereby voluntarily consented to the stock remaining in defendant's keeping. The plaintiff, in effect, waived the alleged tortious acts of the defendant and voluntarily yielded to his retaining the cattle for the fourth month. Under such circumstances, there arose an implied contract on plaintiff's part to pay for the keeping, and this will sustain a claim for a lien.

Aside, then, from the question whether plaintiff made a sufficient tender of the $90 due August 22, the defendant had, at the time the cattle were taken from him, an agister's lien for $120—the agreed price for pasturing the same for four months—and there is no pretense that any tender of this sum was ever made.

The judgment is for the right party and will be affirmed. All concur.