STATE *ex rel.* PATTON *et al.* v. GATES, *Judge.*

**Division One, February 23, 1898.**

1. **Practice:** APPEALS WITHOUT BOND. An appeal without bond from an order of the circuit court granting a new trial, stays the trial of the cause in the circuit court, pending such appeal in the appellate court.

2. ———: ———: EFFECT OF APPEALS. The effect of an order of the circuit court allowing an appeal, is to transfer the jurisdiction of the case to the appellate court, and to suspend the exercise of all further judicial functions in the case by the trial court, whether a bond be filed or not, the only purpose of the bond being to suspend execution on the judgment below pending the appeal.

*Mandamus.*

PEREMPTORY WRIT DENIED.

*Botsford, Deatherage & Young, J. M. Cleary* and *Brown, Hadley & Swift* for relators.

(1) The order of appeal, as made by the court, does not operate to suspend or supersede the order granting a new trial. R. S. 1889, secs. 2246, 2247, 2248, 2249 and 4744; Laws of 1891, p. 70; 23 Am. and Eng. Ency. of Law, p. 285; *Komerick v. Castleman*, 21 Mo. App. 587; *Railroad v. Atkinson*, 17 Mo. App. 486; *Lewis v. Railroad*, 59 Mo. 495; *State ex rel. v. Meeker*, 19 Neb. 444; *State ex rel. v. Mayor*, 44 N. W. Rep. (Neb.) 90; *State ex rel. v. Hirzel et al.*, 37 S. W. Rep. 921; *State ex rel. v. Lewis*, 76 Mo. 370; *State ex rel. v. Dillon*, 98 Mo. 90; *State ex rel. v. Woodson*, 128 Mo. 497. (2) The fact that an order granting a new trial is not a money judgment, furnishes no reason why an appeal bond, if the appellant desires to supersede the order, should not be given. Appeal bonds are taken

under our appellate system in very many different cases where no money judgment or decree is or can be given. The word "execution," in the *supersedeas* statute, does not mean the writ of execution. *State v. v. Lewis,* 76 Mo. 370; *State v. Klein,* 39 S. W. Rep. 272; *State ex rel. v. Woodson,* 128 Mo. 497; *State ex rel. v. Hirzel,* 37 S. W. Rep. 921.

*Lathrop, Morrow, Fox & Moore* for respondent.

(1) An inspection of the record of this proceeding shows that the relators applied to the trial court for a trial during the April term, and the application was refused; there is nothing in the record, under the motion for a peremptory *mandamus,* to show any abuse of the discretion conferred on the trial court by statute in relation to such matters. *Mandamus* will not lie to control the discretion of the lower court in its judicial capacity. *State ex rel. v. Smith,* 104 Mo. 661; *State ex rel. v. Neville,* 110 Mo. 345; *Barthelow v. Campbell,* 56 Mo. 117; *State v. Whitton,* 68 Mo. 91; *Bank v. Williamson,* 61 Mo. 259; *State v. Burns,* 54 Mo. 274; *Leabo v. Goode,* 67 Mo. 126; *Blair v. Railroad,* 89 Mo. 383. (2) Not until this court affirms or reverses the action of the trial court in granting a new trial, will the lower court be in position to determine the matter. *State ex rel. v. Flad,* 26 Mo. App. 500; *State ex rel. v. Draper,* 50 Mo. 24; Spelling on Extr. Rel., sec. 1439. (3) After an appeal without bond, the lower court may proceed to execute the affirmative commands of its record, and to that end issue process in its ministerial capacity. But it is without jurisdiction to proceed further in its judicial capacity until the appeal is determined. *Burgess v. O'Donoghue,* 90 Mo. 299; McQuillin's Plead. and Prac., sec. 2013; *Brill v. v. Meek,* 20 Mo. 358; *Ladd v. Couzins,* 35 Mo. 513;

*DeKalb Co. v. Hixon,* 44 Mo. 341; *State ex rel. v. Campbell,* 25 Mo. App. 635; *Trundle v. Ins. Co.,* 54 Mo. App. 188.

BRACE, P. J.—On the twenty-sixth of December, 1895, the relators brought an action in the circuit court of Jackson county, at Kansas City, against the Grand Avenue Hotel Company, to recover damages for the death of their father, Fred C. Patton, who was killed on the twenty-seventh of December, 1894, while in the service of said company, operating its boiler and furnace, by the explosion thereof. The cause coming on for trial at the April term, 1896, of said court, before division number 3 thereof, after hearing all the evidence the court instructed the jury to return a verdict for the defendant company, which was accordingly done. Thereupon the plaintiffs in due time filed their motion for a new trial, which coming on to be heard at the October term, 1896, was sustained on the ground that the court erred in instructing the jury to return a verdict for said defendant company. Thereupon the hotel company, in due form, took an appeal to this court from said order of the circuit court granting a new trial. Afterward, at the April term, 1897, of said circuit court, the plaintiffs, relators herein, applied to the respondent as judge of said court presiding in division number 3, by motion, for a trial of said cause notwithstanding the appeal, which motion was then and there overruled and refused. Afterward application by petition filed on the twenty-sixth of June, 1897, was made to this court by relators for a writ of *mandamus* requiring the respondent to proceed with the trial of said cause notwithstanding said appeal, on the ground that no appeal bond having been given on said appeal, such proceeding was not thereby stayed. To

VOL. 143 mo—5

the petition respondent appeared, waived issue of alternative writ, and made return setting up the facts aforesaid and admitting that no bond was given on said appeal as alleged in the petition. Thereupon the relators filed two motions, *first*, to strike out a part of the return; and, *second*, for a· peremptory writ upon the facts stated in the petition.

1. That part of the return to which the motion to strike out is directed, consists simply of the remarks made by the judge presiding in division number 3, in explanation and support of his action in sustaining the motion for a new trial, which being impertinent to the real issue tendered by the return, that motion will be sustained.

2. The question raised by the second motion is whether under the statute an appeal from an order of the circuit court granting a new trial without bond stays the trial of the cause in the circuit court, pending such appeal in the appellate court.

By the statute governing the case it is provided as follows:

"SECTION 2246. Any party to a suit aggrieved by any judgment of any circuit court, in any civil cause, from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or in arrest of judgment, or order refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case, or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party to· have the action of the trial court reviewed

on an appeal taken from the final judgment in the case. The Supreme Court shall summarily hear and determine all appeals from orders refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, and for that purpose shall on motion advance the same on its docket." Sess. Acts 1895, p. 91.

"SECTION 2249. *Appeals shall stay execution, when.*—Upon the appeal being made, the court, from which an appeal is prayed, shall make an order allowing the appeal, and such allowance thereof shall stay the execution in the following cases, and no others: *First*, when the appellant shall be an executor or administrator, guardian or curator, and the action shall be by or against him as such; *second*, when the appellant or some responsible person for him, together with two sufficient securities, to be approved by the court, shall, during the term at which the judgment appealed from was rendered, enter into a recognizance to the adverse party, in a penalty double the amount of whatever debt, damages and costs have been recovered by such judgment, together with the interest that may accrue thereon, and the costs and damages that may be recovered in any appellate court upon appeal, conditioned that the appellant will prosecute his appeal with due diligence to a decision in the appellate court, and shall perform such judgment as shall be given by such court, or such as the appellate court may direct the circuit court to give, and if the judgment of such court or any part thereof be affirmed, that he will comply with and perform the same, so far as it may be affirmed, and will pay all damages and costs which may be awarded against the appellant by any appellate court. *Provided*, however, that the court may, at the time of granting an appeal, by order of record, fix the amount of the appeal bond and allow appellant time in vaca-

tion, not exceeding ten days, to file the same, subject to the approval of the clerk, and such appeal bond, approved by the clerk and filed within the time speci-fied in such order, shall have the effect to stay the exe-cution thereafter, and if any execution shall have been taken prior to the filing of said bond, the same shall be released."

By section 2246, as it stood in the revision of 1889 and had theretofore been the law in this State, appeals were allowable only from the final judgments of circuit courts. The only condition required for granting such appeals then, as now, is that application therefor shall be made during the term at which the judgment was rendered and the appellant or his agent shall, dur-ing the same term, file in the court his affidavit stating that such appeal is not made for vexation or delay, but because the affiant believes the appellant is aggrieved by the judgment or decision of the court. R. S. 1889, sec. 2248. Thereupon it becomes the duty of the court to make an order allowing the appeal, as required by section 2246, *supra*. The effect of which order is to transfer the jurisdiction of *the case* from the circuit court to the appellate court, from the operation of which, however, is excepted the execution on the judgment appealed from in all cases except those stated in sec-tion 2249. In other words, the effect of the order grant-ing the appeal is to suspend all further exercise of judi-cial functions in the case by the court from which the appeal is taken and to transfer the same to the appellate court, where further judicial proceeding is continued until the case is disposed of. *Macklin v. Allenberg*, 100 Mo. 337. But not to suspend those of a merely minis-terial or executive character, except in the cases stated, one of which is, in case where no bond is given as required in said section. The bond does not operate at all upon the judicial functions of the court; they are

suspended by the appeal, bond or no bond.  The bond operates upon the judgment only, and to the extent only of suspending its execution. *Burgess v. O'Donoghue*, 90 Mo. 299; *DeKalb Co. v. Hixon*, 44 Mo. 341; *Ladd v. Couzins*, 35 Mo. 513; *Lewis, Adm'r, v. Railroad*, 59 Mo. 495; *Bank v. Allen*, 68 Mo. 474.  In the light of these well settled principles, section 2246 was amended in 1891, allowing for the first time in the history of the State an appeal from "any order granting a new trial," the same as the amended act of 1895. Sess. Acts, 1891, p. 70.  Soon thereafter at the March term, 1893, of the Kansas City Court of Appeals, it became necessary for that court to construe the act thus amended, and it held that: "The defendant had under that act the right to take its appeal from the order granting the new trial, and had it not participated in the retrial the effect of that appeal would have necessarily been to suspend further proceedings in the case until the appeal was disposed of.  It was primarily error for the trial court to order a further trial of the cause until the appeal was disposed of, but that error was cured by the act of the defendant in participating in the new trial.  Defendant could have stood on its appeal, refused to participate in the new trial awarded, and thus arrested any further proceeding in the case until its appeal was heard and disposed of, but instead of taking that course it elected to participate in the new trial, and having done so it can not now be heard to complain of the errors, if any, which occurred during the first trial." *Trundle v. Ins. Co.*, 54 Mo. App. *loc. cit.* 192.  Soon, thereafter, at its October term, 1894, it became necessary for this court to construe the act as thus amended, and we held that: "The primary purpose of the act in respect to the rights of parties against whom new trials have been granted was to give an appeal directly from the order, and thus sus-

pend further proceedings in the trial court until the correctness of its action had been determined. If the order granting a new trial is sustained, then both parties will be at liberty to engage in the second trial without waiving any rights. If the trial court is not sustained, then the judgment can be entered on the original verdict and the expenses and delay of a new trial be obviated." *Ess v. Griffith,* 128 Mo. *loc. cit.* 59. The construction of the statute in these cases is obviously correct. It is absurd to suppose that it was the intention of the legislature that two judicial proceedings were to be continued in the same case in two different tribunals at the same time. The trial of the case going on in the lower court and the question of the right of such court to try the case, pending in the appellate court undetermined, at the same time, would be a strange condition for any case to fall into. No provision is made for such an anomalous condition, for none such was contemplated. Hence no bond is required to meet such a contingency. There being no judgment, there could be no execution, hence nothing to be superseded thereby. We find nothing in the cases cited by relators to support this contention, and deem it unnecessary to review them. That this recent legislation has the effect of delaying judgment in many cases that ought to be more speedily determined, may be conceded. But we have no power to relieve litigants from the evils resulting therefrom. Such considerations should be addressed to the legislative department of the government. The motion for a peremptory writ is overruled, and the writ denied. ROBINSON and WILLIAMS, JJ., concurring.