STORY & CLARK PIANO COMPANY, Appellant, v. MRS. GEORGE H. GIBBONS et al., Respondents.

Kansas City Court of Appeals, June 9, 1902.

1. **Trial Practice:** JURISDICTION: APPEALS. After an appeal has been granted, the circuit court has no power to set aside the judgment from which the appeal was taken.

2. **Appellate Practice:** INSTRUCTION: NEW TRIAL. An appellate court can not review an instruction relating to the form of a verdict although erroneous, when the attention of the trial court is not called to the error in the motion for new trial.

3. **Replevin:** COUNTERCLAIM: NOTE: PAYMENT. In an action of replevin based on a mortgage securing a note, the defendant may plead and show the payment of the note, and such plea will not constitute a counterclaim.

4. **Evidence:** VALUE: JURY. The price given for a piano with the amount of the damages suffered since, constitutes sufficient evidence to send the question of value to the jury.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

AFFIRMED *si.*

*Allen & Allen* for appellant.

(1)    There is no evidence to warrant the finding of the jury, either on the question of the value of the prop-

erty or measure of damages in favor of the defendants. Ascher v. Schaefer, 25 Mo. App. 3; Schultz v. Hickman, 27 Mo. App. 27; Battis v. McCord, 70 Ia. 46.    (2) .The court erred in giving instruction number three of its own motion, by directing the jury to find the value of the property at the commencement of this suit, instead of at the time of trial.    Ascher v. Schaefer, 25 Mo. App. 3; Schultz v. Hickman, 27 Mo. App. 25; Hoester v. Teppe, 27 Mo. App. 210; Miller v. Bryden, 34 Mo. App. 606; Boot & Shoe Co. v. Bain, 46 Mo. App. 595; Kirkendall, Jones & Co. v. Hartseck, 58 Mo. App. 240; Mix v. Kepner, 81 Mo. 96; Chapman v. Kerr, 80 Mo. 163. (3) The judgment should be for the return of the property taken, or its value so assessed by the jury at the election of defendants.    Hamilton v. Clark, 25 Mo. App. 428; Martin v. Foltz, 54 Neb. 162; Robbins v. Slattery, 30 S. C. 328; R. S. 1899, sec. 4474.    In order for defendant to recover any commission in this cause, she must show that she was the procuring cause of the sale of the pianos to Richard Chadburn, S. Price Payne and Sarah M. Carlton.    Ramsey v. West, 31 Mo. App. 676; Pollard v. Banks, 67 Mo. App. 187; Wright v. Brown, 68 Mo. App. 577; Crowley v. Somerville, 70 Mo. App. 376.

*J. G. Littick* with *Kagy & Horn* for respondent.

(1) It follows as a logical conclusion that if the cause is still pending on the motion for a new trial, the appeal is premature and must be dismissed.    Caulfield v. Farish, 24 Mo. App. 110; Sater v. Hunt, 61 Mo. App. 228.    (2) It is doubtful if the court below had jurisdiction of the case after the appeal was taken on December 7, 1901.    State ex rel. v. Gates, 143 Mo. 63.    If the court take the view that the case is not properly here, we submit that the appeal must be dismissed.    Caulfield v. Farish, supra; Sater v. Hunt, supra.    (3) Upon a well-settled rule of practice all exceptions not brought to the attention of the trial court in the motion for a new trial, are waived.    Holladay v. Langford, 13 Mo. App. 594;

Painting Co. v. Stokes, 14 Mo. App. 491; State v. Gilmore, 110 Mo. 1; Brown v. Mays, 80 Mo. App. 81.

BROADDUS, J.—This is an action of replevin commenced before a justice of the peace for certain specific personal property. It was tried, and appealed to the circuit court where the defendants recovered against the plaintiff, who has appealed to this court.

The property in controversy is a piano. The plaintiff claims the property under a mortgage thereon past due, which was made to secure a note for $325 payable to the plaintiff. The note was executed by Mrs. A. L. Riley, now Mrs. Geo. H. Gibbons. The defense was part payment on the piano and a counterclaim, the two aggregating the sum of $24 in excess of what defendants claim was then due on the note and mortgage. They ask judgment for a return of the piano, if it can be had, if not then for its value in the sum of $260 and said sum of $24.

The jury returned the following verdict: "We, the jury, find that at the time of the commencement of this suit the defendant had the right of property in the piano in question, and that the value of said property at said time was two hundred and sixty-eight dollars." The defendants in open court elected to take the value of the property as assessed by the jury in lieu of its return, and there was judgment in their favor for said sum of $268. This verdict and judgment was rendered on the fourteenth day of October, 1901.

The defendants claim that the plaintiff is not in this court on appeal. There is some confusion in the record. On the sixteenth of October, 1901, and within four days after verdict, plaintiff filed its motion for a new trial and in arrest of judgment. On the thirtieth day of said month the following entry of record was made: "Now on this day defendants in open court remit eight dollars on judgment heretofore rendered, and plaintiff's motion for a new trial and motion in arrest of judgment are by the court overruled, to which ruling of the court plaintiff excepts, and plaintiff is

given ninety days in which to file its bill of exceptions herein.'' On the seventh of December following, plaintiff filed its affidavit for appeal, and an appeal was allowed. And afterwards, on the thirtieth of December, the following entry of record was made, to-wit: ''It is ordered by the court of its own motion that the order entered in this cause of November 30, 1901, be and the same is set aside and for naught held. Thereupon defendants in open court remit eight dollars of the verdict rendered in this cause. Whereupon it is ordered and adjudged by the court that said plaintiff take nothing by its action in this behalf, and defendants having elected in open court to take the assessed value of said property,'' etc. Thereupon plaintiff files motion for a new trial and motion in arrest of judgment, which the court overrules, to which action of the court the plaintiff excepts. Plaintiff then filed affidavit for appeal and appeal was allowed.

As these last-mentioned motions for new trial and in arrest of judgment are not to be found in the record, consequently the defendants assert that plaintiff has nothing before the court to review, except the record proper. A sufficient answer to this is that the order of the court of December 30, setting aside its prior judgment of November 30, from which an appeal had been allowed, was invalid as the court no longer had any jurisdiction over said judgment. State ex rel. v. Gates, 143 Mo. 63. We, therefore, hold that the plaintiff is here under its appeal taken from the judgment rendered on the thirtieth day of November as aforesaid.

One of plaintiff's contentions is that the court committed error in giving the following instruction for the defendants, viz.: ''If you find for the defendant your verdict will be in the following form: We, the jury, find that at the time of the commencement of this suit the defendant had the right of property in the piano in question, and that the value of said property at said time was . . . dollars.'' This instruction was certainly error. Mix v. Kepner, 81 Mo. 93; Chapman v.

Kerr, 80 Mo. 158; Kirkendall v. Hartseck, 58 Mo. App. l. c. 240. But as the court's attention was not called to the error in plaintiff's motion for new trial, it was waived and we can not consider it.

The plaintiff further contends that it was error to allow defendants to prove the counterclaim set up in their answer. Whatever the law may be on the question of allowing set-offs and counterclaims in suits of this nature, it is not necessary for us to decide, for what is set up as a counterclaim in defendant's answer is a misnomer. The answer itself alleges that it was agreed between Mrs. Gibbons and the plaintiff that she was to have a commission for services in soliciting sales of pianos to other persons, which commissions it was agreed should go as a credit on said note. The jury allowed those commissions as credits against the note. This was proper, and no fault can be found with the trial in that respect. There is no question of counterclaim in the case, only one of payment.

The plaintiff's further contention is that there was no evidence of the value of the property in dispute. There was some evidence to that effect in this way: It was shown how much the piano was sold for, and it was further shown that it had been damaged since such sale to the extent of $75. Miller v. Bryden, 34 Mo. App. 602; Stevens v. Springer, 23 Mo. App. 375. We think it was sufficient to authorize the court to submit the question of value to the jury.

The verdict of the jury fixed the value of the piano at $268, eight dollars in excess of what the defendants claimed. It was with a view of having the error corrected that the trial court set aside the judgment appealed from, but the action of the court in that respect was invalid, as has been stated. If the defendants will file a remittitur for said excess with the clerk of this court within thirty days from June 2, 1902, the cause will be affirmed, otherwise it will be reversed and remanded. All concur.