STATE OF MISSOURI ex rel. GEO. B. RIEFLING,
v. HON. MOSES N. SALE, Judge, Respondent.

St. Louis Court of Appeals, December 30, 1910.

1. **JURISDICTION: Effect of Appeal: Appellate Practice.** An appeal divests the trial court of jurisdiction of the cause and places it in the appellate court.

2. **APPELLATE PRACTICE: Construction of Opinions.** The conclusion arrived at by a court in a decision, and not the reasoning by which the conclusion was reached, nor the mere language of the decision, constitutes the guide by which the extent of the rule announced is determined.

3. **JURISDICTION: Effect of Appeal: Appellate Practice.** Whatever a judgment appealed from covers, the appeal embraces, and the jurisdiction of the trial court over all matters so covered and embraced is suspended pending the appeal; but matters in the cause independent of and distinct from the questions involved in the appeal are not taken from the jurisdiction of the trial court by the appeal.

4. **PLEADING: Prayer for Relief Beyond Court's Jurisdiction: Effect.** The fact that a petition, in conjunction with a prayer for proper relief, includes a prayer for action which the court is without jurisdiction to take, does not deprive the court of jurisdiction to entertain the petition and grant such proper relief.

5. **MANDAMUS: Adequate Remedy at Law: Action to Require Receiver to Pay Fund: Bankruptcy Proceedings Inadequate.** To supersede the remedy by mandamus on the ground relator has an adequate remedy at law, such other remedy must be equally as convenient and effective as the proceeding by mandamus; and this is not the case where one seeks by mandamus to have a court compelled to entertain a petition to order a receiver appointed by it to pay a judgment out of the trust fund in his hands, one-half of which fund the court had previously ordered turned over to the trustee in bankruptcy of one of the two ultimate owners of it, from which order the other owner had appealed, since proceedings by the relator in the bankruptcy court would be inadequate, because only part of the fund which relator claims could be found there, while the whole fund could be reached in the hands of the receiver.

6. ———: **Pendency of Other Action.** The other action or proceeding involving the same question, pendency of which will

prevent issue of a writ of mandamus, must be one to which relator in mandamus is a party, or by which he may be bound.

7. ————: Scope of Remedy. In a proceeding by mandamus to compel a court to permit an intervening petition to be filed, matters relating to questions whether the petition should be sustained are for the lower court in the first instance and do not concern the appellate court upon the application for mandamus, where it is limited to commanding the lower court to move.

8. JURISDICTION: Effect of Appeal: Right to File Intervening Petition, Pending Appeal: Mandamus. Pending an action of Riefling against two partners for damages, one partner brought suit against the other for dissolution of the partnership, in which suit a receiver was appointed. Thereafter, one of the partners was adjudged a bankrupt and his trustee filed a petition in the dissolution suit for an order on the receiver to pay to him his bankrupt's half of the partnership assets, which, over the opposition of the other partner, was granted, and the other partner appealed. Thereafter, Riefling, having obtained judgment in his action, filed an intervening petition in the dissolution suit, praying for an order on the receiver requiring him to pay said judgment out of the assets in his hands. *Held*, that while the trial court was without jurisdiction to set aside the order appealed from, it had jurisdiction to entertain Riefling's petition, and that mandamus would lie to compel it to entertain the same, the appeal involving only the right of the trustee, as against the other partner, to have the bankrupt's share of the partnership assets, while Riefling's right if existing at all, was against all of them.

Original Proceeding by Mandamus.

PEREMPTORY WRIT AWARDED.

*Taylor R. Young* and *Daniel Dillon* for relator.

(1) On a motion for peremptory writ in a case like this, the facts alleged in the petition for the writ and the facts alleged in the return and not denied are considered admitted. State ex rel. v. Brown, 205 Mo. 620. (2) When a partnership becomes insolvent or goes into bankruptcy, those having claims against the partnership have a priority as against the assets of the partnership over those having claims against the individual members of the partnership. Parsons on Part-

nership (4 Ed.), sec. 382; Shumaker on Partnership, pp. 354-358; Sundley v. Faris, 103 Mo. 79; Phelps v. McNeely, 66 Mo. 558. (3) Property in the hands of a receiver is in the custody and control of the court for the benefit of whoever may eventually establish a right to it; the court itself, through its receiver, has control of the property. The receiver is no party to the litigation, but is only the officer of the court, and his possession is the possession of the court. State ex rel. v. Reynolds, 209 Mo. 173; High on Receivers, sec. 4, chap. 1, and secs. 176, 177 and 78, chap. 7; 34 Cyc., pp. 185, 187, 242 and 243; Harding v. Nettleton, 86 Mo. 662

*Buder & Buder* and *Byron F. Babbitt* for respondent.

(1) The pendency of another action or proceeding involving the same question will prevent the issue of a writ of mandamus. 26 Cyc., pp. 184-185. (2) We further submit that respondent was without jurisdiction to hear and pass upon said intervening petition, for the reason that the term at which the appeal in the case of Hemm v. Juede was taken had lapsed long prior to the filing of relator's intervening petition therein. State ex rel. v. Gates, 143 Mo. 63; Crawford v. Railroad, 171 Mo. 79. (3) Intervention ought not to be granted after the rendition of final decree, and after final decree mandamus ought not to issue therefor. 16 Cyc., p. 202; U. S. v. Northern Securities Co., 128 Fed. Rep. 808; Ex parte Branch, 53 Ala. 140; Carey v. Brown, 58 Cal. 180; Ward v. Clark, 6 Wis. 509; Morton v. Supreme Council, 100 Mo. App. 76. (4) This relator has an adequate remedy at law in that his claim is provable in bankruptcy and in the bankruptcy court. Thompkins, Admr. v. Williams, 23 Am. Bank Rep. 886. (5) A demand created by the fraud of defendant whereby he procures money from the plaintiff, is not a debt, neither is plaintiff a creditor. Sunday v. Galvin, 55 Mo. App. 412;

Ryles-Wilson Co. v. Shelley Mfg. Co., 93 Mo. App. 178; Steele v. Brazier, 123 S. W. Rep. 480; Estate Co. v. Arms Co., 110 Mo. App. 406-412; Grafton v. Ferry Co., 19 N. Y. Supp. 968; Whitcomb v. Davenport, 63 Vermont 656; Bolden v. Jenson, 69 Fed Rep. 745; Powell v. Railroad, 36 Fed. Rep. 726; Child v. Boston, 137 Mass. 516.

STATEMENT—This is an original proceeding by mandamus begun in this court, the purpose of which is to compel the respondent, the Honorable Moses N. Sale, judge of Division No. 5 of the circuit court of the city of St. Louis, to take cognizance of, consider, determine and decide on its merits, a certain intervening petition, filed by relator, George B. Riefling, in the suit of Francis Hemm v. Richard F. Juede.

From August 31, 1907 to July 20, 1908, Francis Hemm and Richard F. Juede were in partnership, carrying on a retail drug business in the city of St. Louis. On July 15, 1908, relator commenced suit against Juede in the circuit court of said city to recover damages for personal injuries sustained through the negligence of Juede, acting as a member of said firm, in compounding and filling a physician's prescription. Subsequently, on July 20, 1908, Hemm brought suit in said circuit court against Juede to dissolve the partnership, and such proceedings were had therein that on August 3, 1908, the partnership was dissolved and a receiver was appointed and ordered to take charge and dispose of the assets of the partnership and distribute the proceeds, after deducting the costs, equally between the partners. On September 26, 1908, the receiver filed a report, showing that he had paid the debts of the partnership aggregating $1178.25, and that with the receivership expenses deducted, he still had in his hands $6452.38. On September 30, 1908, relator filed an amended petition in the damage suit, making Richard F. Juede and Francis Hemm, doing business under the style and firm name of

Hemm & Juede, parties defendant, and thereafter on the same day relator filed a motion in the suit of Hemm v. Juede praying leave to join the receiver as a party defendant in the damage suit. On February 1, 1909, the suit of Hemm v. Juede was transferred from Division No. 7, Judge Kinsey presiding, to Division No. 5, Judge Sale presiding, where the damage suit was pending. On January 16, 1909, Juede filed a voluntary petition in bankruptcy in the District Court of the United States, and was adjudged a bankrupt. On February 2, 1909, Hemm filed in his suit against Juede a motion praying for an order directing and instructing the receiver to retain all money in his possession as receiver of the assets of the firm of Hemm & Juede until further order of the court, and praying that the receivership should continue until such time as the damage suit should be determined. On February 11, 1909, the trustee in bankruptcy of Juede filed a petition in the suit of Hemm v. Juede praying an order on the receiver to turn over to him $3295.28, being Juede's half of the partnership assets. On July 6, 1909, in the suit of Hemm v. Juede the motion of Hemm to continue the receivership, etc., and the petition of relator for leave to join the receiver as party defendant in the damage suit were overruled, and the petition of the trustee in bankruptcy for an order on the receiver to turn over to him Juede's half of the partnership assets was granted, and it was ordered therein that after the filing of proper vouchers the receiver should stand discharged. The court made no order at that time respecting the interest of Francis Hemm in the partnership assets and has made no such order since. After an unsuccessful motion for a new trial, Hemm, in the case of Hemm v. Juede, on July 19, 1909, duly took, and was duly allowed, an appeal to the St. Louis Court of Appeals, from the action of the court in granting, on July 9, 1909, the petition of the trustee in bankruptcy for an order to turn over Juede's half of the partnership assets, and

said appeal is now pending in this court. On February 17, 1910, relator obtained judgment in the damage suit against Francis Hemm and Richard F. Juede, as partners, for $5500 and costs, from which judgment Juede has duly prosecuted his appeal to the St. Louis Court of Appeals, and it is now pending there, but Juede has given no appeal bond. On April 26, 1910, after the term at which the petition of the trustee in bankruptcy was granted and Hemm's appeal therefrom had been allowed, relator filed an intervening petition in the suit of Hemm v. Juede, stating facts substantially as above set forth and alleging that relator had had execution issued on his judgment but could find no property of Hemm or Juede on which to levy, and that the only property which either of them had, was the partnership assets, in the hands of the receiver, and that unless the court would order the receiver to pay the judgment out of said assets, relator will be unable to collect his judgment. That all the debts of the firm of Hemm and Juede, except relator's, had been paid. The said intervening petition concluded with a prayer that the court set aside the order made July 8, 1909, directing the receiver to turn over half of the partnership assets to the trustee in bankruptcy, and to make an order directing the receiver to pay to relator the amount of his judgment out of the partnership assets in his hands. Upon said petition coming up for hearing the respondent judge stated that as, on July 19, 1909, an appeal had been allowed Hemm in the cause to this court, and the cause was then pending here, his court had no jurisdiction to pass on the petition until the cause shall have been remanded. He declined, therefore, to consider said intervening petition until such time as the circuit court again acquired jurisdiction.

Then followed the present application for a mandamus as first above noted. An alternative writ was issued by this court to which return was duly made at

the appointed time, setting forth facts substantially as aforesaid, whereupon relator moved for a peremptory writ.

CAULFIELD, J. (after stating the facts).—The circuit court having refused to entertain relator's intervening petition on the ground of an alleged want of jurisdiction, it is the duty of this court to determine whether the circuit court has such jurisdiction.

It is undoubtedly the rule that an appeal divests the jurisdiction of the trial court and places it in the appellate court. [Brill v. Meek, 20 Mo. 358; Ladd v. Couzins, 35 Mo. 513; Oberkoetter v. Luebbering, 4 Mo. App. 481; Burgess v. O'Donoghue, 90 Mo. 299, 2 S. W. 303; State ex rel. v. Gates, 143 Mo. 63, 69, 44 S. W. 739; Burdett v. Dale, 95 Mo. App. 511, 514, 69 S. W. 480; Story and Clarke Piano Co. v. Gibbons, 96 Mo. App. 218, 221, 70 S. W. 168; Donnell v. Wright, 199 Mo. 304, 313, 97 S. W. 928.] And in stating the rule our courts have used the broadest language. Thus it was said at an early day, "when an appeal has once been granted, the power over the subject is *functus officio* and cannot be exercised a second time." [Brill v. Meek, 20 Mo. 358.] "When an appeal is perfected, the cause is pending in the appellate court, and not in the trial court" and unless the order allowing the appeal is vacated during the term, the trial court "can make no other or further order." [Oberkoetter v. Luebbering, 4 Mo. App. 481.] In State ex rel. v. Gates, 143 Mo. 63, 69, 44 S. W. 739, our Supreme Court said that the effect of the order allowing the appeal "is to transfer the jurisdiction of *the case* from the circuit court to the appellate court." . . . "In other words, the effect of the order granting the appeal is to suspend all further exercise of judicial functions in the case by the court from which the appeal is taken and to transfer the same to the appellate court, where further judicial proceeding is continued until the case is disposed of. The bond does not

operate at all upon the judicial functions of the court; they are suspended by the appeal, bond or no bond."

But the mere language of a decision is not to be looked to, to discover the extent of the rule announced; it is the conclusion only and not the reasoning by which it was reached, which is the decision of the court, and constitutes our guide. [Koerner v. St. Louis Car Co., 209 Mo. 141, 156, 107 S. W. 481.] The decisions of our courts have not been consistent with the literal meaning of the broad language employed as aforesaid. It has been held that the appeal does not affect the power of the trial court over its own records, or its right to amend, correct and complete them; or its power during the term to set aside the order allowing the appeal; or to set aside the judgment appealed from; or to sign and allow a bill of exceptions; or to revive the cause in the name of an administrator, or, there being no supersedeas, to execute the judgment appealed from. In Crawford v. C. R. I. & P. Ry. Co., 171 Mo. 68, 66 S. W. 350, our Supreme Court said that the statement, "after appeal is taken, the cause is pending in the appellate court so as to deprive the circuit court of further jurisdiction over the cause," applies only to the effect of the appeal after the close of the term of the trial court at which the appeal was taken. And in State ex rel. v. Reynolds, 209 Mo. 161, 107 S. W. 487, the Supreme Court held that the granting of an appeal from a refusal to set aside an order removing one receiver and appointing another and the approval of the appeal bond, did not remove the receiver last appointed and did not warrant the court in ordering the receiver to turn the assets back to the defendant from whose custody they were originally taken. And the court quoted with approval High on Receivers, to the effect that a court may remove or discharge a receiver at any stage of the litigation.

There can be no reason for the rule under consideration other than that confusion might arise if the

trial court and the appellate court were dealing with the same subject at the same time. Thus, our Supreme Court said, in holding that the trial court could not proceed to try the case while an appeal was pending from its action in granting a new trial. "The trial of the case going on in the lower court and the question of the right of such court to try the case, pending in the appellate court undetermined, at the same time, would be a strange condition for any case to fall into." State ex rel. v. Gates, supra. We have examined the cases declaring the rule under consideration with a view to ascertaining the nature of the judgment or order appealed from, and we discover that in each case it disposed of the entire case or was of such a nature that action by the appellate court might be interfered with by further proceedings, or the proceeding attempted to be had, by the trial court, pending appeal; the inhibited exercise of jurisdiction in some manner involved the order or judgment appealed from. Our attention has not been called to any case that applies the rule to a state of facts even remotely resembling that presented by the case at bar. It would seem to be the true rule that whatever the judgment below legitimately covers, the appeal embraces, and the jurisdiction of the lower court over all matters so covered and embraced is suspended pending the appeal; and that matters independent of and distinct from the questions involved in the appeal are not taken from the jurisdiction of the trial court. [Elliott, Appellate Procedure, sec. 545.]

The necessity for such distinction becomes apparent in extensive receivership proceedings, where, owing to the vastness of the business, the receiver may have taken hold of many pieces or lots of personal property having, respectively, many owners. It is customary for such owners to claim their property by intervening petition filed in the receivership proceedings. These claims may be very numerous, and for property the value of which is insignificant when compared to the magnitude

of the property and interests involved in the receivership proceeding. It would seem absurd to hold that every time an appeal is taken from an order sustaining or rejecting one of these numerous and comparatively insignificant claims, the jurisdiction of the court over the entire receivership proceeding, its power to make orders and to pass upon all other claims, would be suspended. Yet to hold that every appeal in a cause suspends the trial court's jurisdiction must lead to that result. We do not believe that the decisions of our Supreme Court go that far.

The intervening petition which respondent refused to entertain had no connection with the matter on appeal. It involved a different right which could not be affected by the action of the appellate court upon said appeal. The appeal involved the right of the trustee in bankruptcy to have Juede's share of the partnership assets as against Francis Hemm. Relator was not concerned with that, except in an abstract sense. His right, if it existed at all, was against all of them. The determination of their rights between themselves could not affect his alleged superior claim against all of them. It is true that his petition prayed that the order appealed from should be set aside, and the jurisdiction of the trial court as to that order was suspended by the appeal therefrom, but the proper remedy, if there was any, was represented by the prayer that the receiver be directed to pay relator's judgment out of the assets in his hands and the jurisdiction to grant that prayer was unaffected by the appeal. Because relator included in his petition, along with proper relief prayed for, a prayer for action which the court was without jurisdiction to take, did not deprive the court of jurisdiction to grant such proper relief. The prayer for unauthorized action may be ignored.

We do not agree with counsel for respondent that the relator has an adequate remedy at law in that his

claim is provable in bankruptcy and in the bankruptcy court. To supersede relator's remedy by mandamus the other remedy must be equally convenient and effective as the proceeding by mandate. The proceeding in the bankruptcy court would be totally inadequate in that sense because there only part of the fund which relator claims can be found, while the whole fund is in the hands of the receiver.

Respondent further asserts that "the pending of another action or proceeding involving the same question will prevent the issue of a writ of mandamus." This is true; but such other action or proceeding must be one to which relator is a party, or by which he may be bound; and relator is not a party to and will not be bound by the pending appeal from the order sustaining the trustee's petition, which respondent points out as the "other action or proceeding."

Respondent further contends as grounds for denying the writ, that relator's intervening petition came too late, and that relator was not a creditor at the time of the firm's dissolution or when Juede was adjudicated a bankrupt. But these are matters relating to the question whether the intervening petition should be sustained, and are for the circuit court in the first instance. They do not concern us upon this application, where we are limited to commanding the lower court to move. Matters relating to the correctness of its action when it does move may be considered by us on appeal.

Being of the opinion the trial court had jurisdiction to take cognizance of, consider, determine and decide on its merits the intervening petition of relator notwithstanding the pendency of the appeal from its action upon the petition of the trustee, a peremptory writ will be awarded. *Reynolds, P. J.*, and *Nortoni, J.*, concur.