**Robert SEITER, Plaintiff-Appellant,**

v.

**William TINSLEY et al., Defendants-Respondents.**

**No. 35065.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 27, 1973.

Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, Joseph H. Mueller, St. Louis, for defendants-respondents.

GUNN, Judge.

Plaintiff-appellant Seiter appeals from a circuit court judgment denying plaintiff's motion for a summary judgment against the Aetna Casualty and Surety Company as surety on an appeal bond and releasing Aetna from the bond. We affirm the judgment.

The issue to be decided is whether a surety on an appeal bond is liable on the bond when the appeal is dismissed as it was not taken from a final judgment. We hold that a bond in such a circumstance is a nullity and, accordingly, there is no liability thereon.

In 1964, plaintiff obtained a judgment in Illinois against William Tinsley and Frank Skinner. The Illinois judgment was registered in the St. Louis Circuit Court, and garnishment proceedings in aid of the execution on the judgment were instituted against the LaSalle National Insurance Company. By "judgment and order" of June 17, 1970, the circuit court ordered the garnishee (LaSalle) to pay the amount of the judgment, plus interest, into the registry of the court. LaSalle appealed the order of June 17, 1970, to this court, and the

appeal was dismissed for the reason that the court order was not a final judgment from which an appeal would lie; that the order of the circuit court to pay money into the court was merely an interlocutory order required under Rule 90.07, V.A. M.R. (§ 525.080, RSMo 1969, V.A.M.S.).[1] When LaSalle had filed its appeal of the circuit court order, it also filed an appeal bond for the amount of the judgment with Aetna as surety on the bond.

The condition of the bond recited:

"Now, therefore, if the said appellants (Tinsley, Skinner and LaSalle) shall satisfy the said judgment in full together with costs, interest and damages for delay, *if for any reason the appeal is dismissed* or if the judgment is affirmed, and shall satisfy in full such modification of the judgment and such costs, interest and damages as the appellate court may adjudge and award, or if the said judgment be set aside, then this obligation shall be void; otherwise to remain in full force and effect." (Emphasis added)

Plaintiff then moved for summary judgment against Aetna on the appeal bond on the theory that since the appeal had been dismissed and the terms of the appeal bond recited that "if for any reason the appeal is dismissed", the surety would be obligated for the amount of the bond. Aetna filed its motion to be released from the bond. The circuit court denied plaintiff's motion for summary judgment and released Aetna from the bond; hence, this appeal.

The purpose of the bond signed by Aetna as surety was to stay execution of a judgment on appeal. Stroope v. Ross, 116 S.W.2d 557 (Mo.App.1938). It was worded to conform with the provisions of § 512.080 RSMo 1969, V.A.M.S., relating to stays of execution of a judgment during appeal. But there was no judgment in this case; thus, there was nothing to execute. State ex rel. Miller v. Judge of St. Louis Housing Court, 498 S.W.2d 819 (Mo.App. 1973). The bond was needless. It could serve no purpose. Without any judgment, there can be no execution and nothing to be superseded. State ex rel. Patton v. Gates, 143 Mo. 63, 44 S.W. 739 (1898). Yet, by this action plaintiff seeks to recover on an appeal bond for which there was never any need or purpose. His theory is that the language of the bond permits recovery "if for any reason the appeal is dismissed", and since there had been a dismissal of the appeal—even though for the reason there had been no final judgment —he should be allowed to collect on the bond. We are not persuaded by plaintiff's theory.

■ The right of appeal is statutory and the statutes regarding the manner of taking appeals are to be rigidly construed. Holmes v. Navajo Freight Lines, Inc., 488 S.W.2d 311 (Mo.App.1972). And where a judgment is not appealable, a supersedeas is not enforceable. In re Shortridge, 229 Mo.App. 1011, 84 S.W.2d 983, 987 (1935). *A fortiori* a supersedeas is not enforceable where, as here, there is no judgment. Aetna can only be held liable for those damages covered by the bond when interpreted in the light of the statute under which the bond was given. Green v. Perr, 238 S.W. 2d 922, 923 (Mo.App.1951). It is manifest that § 512.080 RSMo 1969, V.A.M.S. contemplates that for an appeal bond to be applicable and enforceable, there must be an appeal from an appealable judgment. There was no judgment in this case and, therefore, nothing for Aetna's bond to cover. The court was, therefore, correct in releasing Aetna from the bond.

The judgment is affirmed.

CLEMENS, Acting P. J., and McMILLIAN, J., concur.

1. Seiter v. Tinsley et al., 479 S.W.2d 217 (Mo.App.1972).